■ In the Matter of NEW YORK COUNTY DATA ENTRY WORKER PRODUCT LIABILITY LITIGATION. AUDREY HULSE et al., Respondents, v A.B. DICK COMPANY et al., Defendants, and INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Appellants. [635 NYS2d 641] —Order, Supreme Court, New York County (Stephen Crane, J.), entered August 3, 1994, which in a products liability action to recover for repetitive stress injury,

granted plaintiffs' motion for a protective order against preverdict disclosure to nonsettling defendants-appellants of materials relating to the settlement agreement between plaintiffs and the settling defendants, unanimously affirmed, without costs.

The settlement material that defendants-appellants seek, in derogation of the confidentiality agreement that attended it, is not material and necessary to their defense of the action. Other than the amount of the settlement, which plaintiffs acknowledge must be disclosed in the event of a verdict in their favor, such materials have no conceivable relevance to a possible postverdict apportionment under General Obligations Law § 15-108. While the materials would be useful to defendants in assessing their maximum exposure, and thus whether they too should settle, we agree with the IAS Court that such strategizing has no bearing on the underlying issues of fault and damages. We also agree with the IAS Court that any possible use of materials for purpose of impeachment—including plaintiffs' motive for arguing, as defendants anticipate they will, that the settling defendants' fault for the injury was minimal—is "speculative in the extreme", and that the mere fact of a settlement is enough for such purposes. Finally, defendants-appellants' argument that the settlement proceeds constitute a collateral source under CPLR 4545 (c), and are disclosable as such, is without merit, there being no reason why any portion of the proceeds should be deemed reimbursement for out-of-pocket expenses or income loss as opposed to damages for pain and suffering. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ. [*See,* 162 Misc 2d 263.]