■ GERALDINE HERBST et al., Appellants, v 40 WORTH ASSOCIATES et al., Respondents. [714 NYS2d 211] —Judgment, Supreme Court, Bronx County (Jerry Crispino, J.), entered October 12, 1999, upon a jury verdict in favor of defendants and against plaintiffs, dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs allege that they were injured as the result of a malfunction of an elevator maintained by defendants, causing the elevator to fall for some contested distance and stop abruptly. However, the only evidence offered by plaintiffs of

defendants' alleged negligence was the defendants' failure to produce a "Blue Book" containing a schedule of inspections of the elevator, and defendants' failure to produce the belt that purportedly broke. While the trial court's missing evidence charge as to these items, as well as its res ipsa loquitur charge, permitted the jury to draw certain negative inferences against defendants, such inferences were not required.

"[A] jury verdict in favor of defendant[s] may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff[s] that the verdict for the defendant[s] could not have been reached on any fair interpretation of the evidence" (*Marton v McCasland*, 16 AD2d 781, 782; *see also*, *Niewieroski v National Cleaning Contrs.*, 126 AD2d 424, *lv denied* 70 NY2d 602). Plaintiffs' argument is essentially that they should have prevailed because they offered some evidence of defendants' negligence and defendants did not prove that they were free of negligence. Plainly, the standard urged by plaintiffs for setting aside a jury verdict as against the weight of the evidence is not in accord with the significantly more demanding standard prescribed by law (*supra*), which simply has not been met in this case.

The agreement between the defendants to apportion liability on a 25%/75% basis, if they were found liable, was not an improper *Mary Carter* agreement (*see*, *Leon v J & M Peppe Realty Corp.*, 190 AD2d 400, 414). The trial court, therefore, properly exercised its discretion in declining to reveal the agreement to the jury.

We have examined plaintiffs' remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.