■ MARK M. BUTIGIAN et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants. GUY CARPENTER & CO., INC., et al., Third-Party Plaintiffs-Appellants-Respondents, v COMPUTERCOOL AIR CONDITIONING CORP., Third-Party Defendant-Respondent-Appellant. [740 NYS2d 305] —Judgment, Supreme Court, New York County (Donna Mills, J.), entered February 2, 2001, which, following a jury trial, found, inter alia, that plaintiffs' injuries were caused solely by a violation of Labor Law § 240, and awarded certain

damages to plaintiffs, unanimously reversed, on the law, without costs, the judgment vacated and the matter remanded for a new trial.

This personal injury action arises out of plaintiff Mark M. Butigian's fall off a ladder while working for his employer, third-party defendant Computercool Air Conditioning Corp. (Computercool). Computercool, a subcontractor, had been retained by defendant and third-party plaintiff John Gallin & Son, Inc., which had been hired as the general contractor by defendant and third-party plaintiff Guy Carpenter & Co., Inc. (Carpenter) for a renovation project in a building owned by defendant Port Authority of New York and New Jersey, in which Carpenter was a tenant.

Defendants and third-party defendant all contend that plaintiffs' counsel's reference, during summation, to the fact that the companies maintained insurance coverage was so prejudicial, especially when considered in conjunction with counsel's accusations of corporate greed, as to warrant a new trial. We agree and reverse.

During summation, plaintiffs' counsel opined that: "It's about money. It's all about money. Why give him a ladder? Because its cheaper. Did you see Mr. Savas's [the owner of Computercool] face when I said, what about scaffolds? He said you have to rent scaffolds. You have to lease scaffolds. Let a couple guys fall down. When you accumulate how much it would cost to lease the scaffolds over the years, it's a lot cheaper to, you know, pay the insurance, do what you have to do, than to pay for scaffolds."

Savas, however, had merely testified that Computercool did not own scaffolds ("[y]ou rent scaffolds"), and that Computercool had not rented any scaffolds for the work in question; Savas never made any statement regarding insurance. Moreover, plaintiffs' counsel, in addition to arguing during summation that Computercool was negligent because it had insurance, also suggested that the already deep-pocketed "major corporations" in the "cold and callous * * * construction industry" would be unaffected by a large award.

While plaintiffs may be correct that most jurors are aware that construction companies tend to carry insurance for personal injuries, plaintiffs' counsel went far beyond that threshold by using the corporations' insurance coverage as evidence of negligence in order to inflame anti-corporate animus, and to urge a larger than justified award by arguing, without any supporting evidence, that the companies operated under the theory that it was cheaper to buy insurance than to rent

scaffolds. Accordingly, the curative instruction given by the court after defendants and third-party defendant made motions for a mistrial was insufficient to remedy the inherent prejudice of counsel's statements (*see, Simpson v Foundation Co.*, 201 NY 479, 490; *Wisniewski v Jem Novelty Corp.*, 22 AD2d 10, 12-13; *Cuccarese v Soloman*, 405 F2d 866, 867; Prince, Richardson on Evidence § 4-614 [Farrell 11th ed]). Concur—Williams, P.J., Nardelli, Andrias, Sullivan and Friedman, JJ.