(October 22, 2002)

■ MASTERWEAR CORPORATION et al., Respondents, v NORMAN BERNARD, Appellant, et al., Defendants. [750 NYS2d 5] —Order, Supreme Court, New York County (Charles Ramos, J.), entered May 9, 2001, which, to the extent appealed from, granted plaintiffs' motion for partial summary judgment in part, and order, same court and Justice, entered May 13, 2002, which granted plaintiffs' motion to confirm the report of the Special Referee, unanimously affirmed, with costs. Judgment, same court and Justice, entered May 29, 2002, which awarded plaintiffs $409,810.33 plus interest, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of staying its execution pending resolution of defendant Bernard's claims, and otherwise affirmed, without costs. Order, same court and Justice, entered February 25, 2002, which denied defendant Bernard's motion to compel disclosure of the settlement agreement entered into between plaintiffs and code-fendant Mushkin, unanimously reversed, on the law and the facts, without costs, and the motion granted to the extent of remanding the matter for an in camera inspection as indicated.

' In this action by a corporation seeking to recover allegedly excessive compensation and other payments received by its former executives, the motion court properly found that, in opposition to plaintiffs' prima facie showing that he had received compensation above that permitted by his employment agreement, defendant Bernard failed to raise an issue of fact since

he failed to show how each of the checks he submitted corresponded to his claimed loan repayments, and failed to rebut plaintiffs' assertion that they did not consider any of the alleged repayment amounts in calculating the amount of excess compensation taken. He similarly failed to rebut plaintiffs' assertion that two bonuses, which were awarded prior to the execution of the employment agreement but were to be paid in installments while it was in effect, also were not included in plaintiffs' calculations of excess compensation.

The motion court properly found that Bernard's counterclaims were not inextricably intertwined with plaintiffs' claim and did not preclude an award of summary judgment in plaintiffs' favor, since, although Bernard's claimed entitlements emanated from the same employment agreement as plaintiffs' claim on which summary judgment was granted, the agreement's provisions are divisible and the claims arose from independent sets of facts (*see Scavenger, Inc. v GT Interactive Software*, 273 AD2d 60, *lv denied* 96 NY2d 701; *cf. Yoi-Lee Realty Corp. v 177th St. Realty Assoc.*, 208 AD2d 185, 189-190). We perceive no basis to disturb the findings of the Special Referee with respect to the amount to be awarded plaintiffs.

However, execution of the judgment should have been stayed in view of the viability of Bernard's counterclaims and the possibility of financial prejudice as a result of plaintiffs' bankruptcy (*see Alec Peters Assoc. v Roberts*, 249 AD2d 219), and we modify accordingly.

Bernard's motion to compel disclosure of codefendant Mushkin's settlement agreement should have been granted. Although the settling parties agreed that their settlement would be confidential, Bernard has a strong interest in disclosure since it is undisputed both that plaintiffs' claims against him seek recoupment of improper payments allegedly made to Mushkin and that the settlement agreement contains admissions by this codefendant. Unlike the circumstance in *Hulse v A.B. Dick Co.* (222 AD2d 381, *affg* 162 Misc 2d 263), upon which plaintiffs rely, where the court found the documents sought to be not "even tangentially" related to any material issue in the matters being litigated (162 Misc 2d at 267), the confidential materials here appear to be material and necessary to the non-settling defendant's case; it was not sufficient for the motion court to have left the door open for Bernard to again seek such disclosure at trial to aid in his cross-examination of Mushkin. Any doubt as to relevance may be resolved by an in camera inspection, and, accordingly, we remand for that purpose. Upon such remand, the settling parties' remaining interest in

confidentiality may be protected by an order limiting the disclosure of the settlement agreement to Bernard and his counsel or by such other manner as Supreme Court directs. Concur—Williams, P.J., Nardelli, Andrias and Marlow, JJ.