■ AMERICAN RE-INSURANCE COMPANY, Respondent, v UNITED STATES FIDELITY & GUARANTY COMPANY et al., Appellants, and EXCESS CASUALTY REINSURANCE ASSOCIATION et al., Respondents, et al., Defendants. [796 NYS2d 89]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered December 9, 2004, which, upon the prior denial of the motion of defendants-appellants United States Fidelity & Guaranty Company (USF&G) and St. Paul Fire & Marine Insurance Company (collectively, the USF&G defendants) to vacate the order of the Special Referee requiring them to produce documents related to the settlement in an underlying ac-

tion between the USF&G defendants and their insureds, directed the ordered document production to proceed forthwith, unanimously affirmed, with costs.

The court properly ruled that the disputed documents relating to the settlement negotiations are discoverable since they are material and necessary to the reinsurers' defense of the action (CPLR 3101 [a]; *see Masterwear Corp. v Bernard*, 298 AD2d 249, 250 [2002], *appeal after remand* 3 AD3d 305 [2004]). The so-called "settlement privilege" is inapplicable since the reinsurers seek the settlement-related materials for a purpose other than proving USF&G's liability in the underlying coverage action (*see* CPLR 4547).

The "follow-the-fortunes" doctrine (*see Travelers Cas. & Sur. Co. v Certain Underwriters at Lloyd's of London*, 96 NY2d 583, 595-596 [2001]; *see also American Ins. Co. v North Am. Co. for Prop. & Cas. Ins.*, 697 F2d 79, 81 [2d Cir 1982]) does not bar disclosure since, here, the reinsurers claim, with support in the record, that exceptions to the doctrine apply.

We have considered appellants' remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Mazzarelli, Ellerin and Gonzalez, JJ.