[872 NYS2d 433]

Merrick Mahoney, Plaintiff, v Turner Construction Co. et al., Respondents, and Williams Machinery Movers, Inc., et al., Appellants.

First Department, January 15, 2009

## APPEARANCES OF COUNSEL

*Dillon Horowitz & Goldstein*, New York City (*Michael M. Horowitz* and *Thomas Dillon* of counsel), for appellants.

*London Fischer LLP*, New York City (*Michael J. Carro* and *John E. Sparling* of counsel), for respondents.

## OPINION OF THE COURT

McGuire, J.

The order denying that portion of the Williams defendants' motion to compel defendant Turner Construction Co. and defendant FDA Queens, L.P. to provide the Williams defendants with a copy of a settlement agreement (or a sworn statement reciting the terms of the agreement) entered into between Turner and FDA and plaintiff must be reversed. Because the law on the disclosure of settlement agreements to nonsettling parties is unclear and presents a thorny issue with which the trial courts are required to grapple (*see* Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:18A, at 35), we take this opportunity to review that law and offer guidance to the trial courts in dealing with requests by nonsettling parties for disclosure of settlement agreements.

Plaintiff sustained injuries in a construction site accident and commenced an action against Turner, the general contractor, and FDA, the owner of the site. Plaintiff also commenced the action against the Williams defendants, subcontractors on the project at the site. Turner and FDA, represented by the same counsel, interposed an answer asserting a cross claim against the Williams defendants for contribution and indemnification; Turner and FDA subsequently commenced a third-party action against the Williams defendants for contribution, indemnification and breach of contract. The Williams defendants and both Turner and FDA impleaded certain insurers for breach of contract, and plaintiff's employer and a company that provided equipment at the site for negligence.

Supreme Court granted plaintiff summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action and

severed the main action from the impleader actions.[1] Thereafter, plaintiff and Turner and FDA entered into a stipulation of discontinuance and filed it with the Bronx County Clerk. While the stipulation stated that those parties had settled the matter as between them, none of the terms of the settlement were provided.[2]

Approximately four months after the stipulation was filed, the Williams defendants served on plaintiff and Turner and FDA a request for admissions regarding whether they settled the action as between them and whether plaintiff released Turner and FDA from the action. The Williams defendants also served on plaintiff and Turner and FDA a demand for a copy of the settlement agreement. Turner and FDA responded to the demand for admissions by acknowledging that plaintiff had agreed to release Turner and FDA but they refused to provide any further details of the settlement.

The Williams defendants moved, among other things, to compel Turner and FDA to provide the Williams defendants with a copy of the settlement agreement or a sworn statement setting out its terms. The Williams defendants brought the motion because they viewed the content of the settlement agree-

---

1. In their brief, the Williams defendants assert that
   "the case against [them] and [plaintiff] is presently pending for trial. Additional causes of action for contribution, indemnification, and insurance declaratory judgment by and among the Williams [defendants] and additional parties which were severed in the Order of Justice Tuitt are in the pre-note of issue phase, and are proceeding under a separate index number."
Indeed, in an order dated August 17, 2005, Justice Tuitt severed plaintiff's action from the impleader actions. It is not clear whether Supreme Court has severed from plaintiff's action Turner's and FDA's cross claims for contribution and indemnification against the Williams defendants. Nor is it clear why Turner and FDA also brought the same claims against the Williams defendants in their third-party action.

2. CPLR 2104 states: "With respect to stipulations of settlement and notwithstanding the form of the stipulation of settlement, the *terms* of such stipulation shall be filed by the defendant with the county clerk" (emphasis added). The Williams defendants do not argue that the stipulation of discontinuance filed with the Bronx County Clerk failed to comply with CPLR 2104. What the statute may require with respect to the disclosure of the terms of a stipulation of settlement is not clear (*see* Alexander, 2003 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C2104:2, 2008 Pocket Part, at 304-305; Connors, Practice Commentaries, CPLR C3101:18A, at 36; Siegel, NY Prac § 204, at 339 [4th ed]; 140 Siegel's Practice Review, *Tracking the New Law on Filing Settlements Still Most Controversial Issue: Seeking Ways of Filing Settlements Without Revealing Underlying Details*, at 1 [Oct. 2003]).

ment as "material and relevant to the issues pending between plaintiff and the Williams defendants." Specifically, the Williams defendants voiced their concern that plaintiff and Turner and FDA were "improperly colluding," and stated that the content of the settlement agreement is relevant under General Obligations Law § 15-108. Turner and FDA opposed the motion, arguing that the settlement agreement contained a confidentiality provision. Turner and FDA, however, stated that they are

> "willing . . . to submit a copy of the settlement agreement for in camera review by [Supreme] Court. However, in the event [Supreme Court] deems it necessary to disclose any of the terms of the agreement, counsel for the Williams [defendants] and their clients should be asked to execute a similar confidentiality agreement."

The agreement was never provided to Supreme Court for in camera inspection. The court subsequently granted the motion to the extent of directing Turner and FDA to disclose the amount of the settlement. Turner and FDA have disclosed the amount of the settlement but have not provided any other details concerning it.

The touchstone for determining whether information is discoverable in an action is whether the information is "material and necessary" (CPLR 3101 [a]; *see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968] ["The words, 'material and necessary', are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity"]). Thus, disclosure of the terms of a settlement agreement by a settling party to a nonsettling party may be appropriate, despite the presence of a confidentiality clause in the agreement, where the terms of the agreement are "material and necessary" to the nonsettling party's case (*Masterwear Corp. v Bernard*, 298 AD2d 249, 250 [2002]; *see* Connors, Practice Commentaries, CPLR C3101:18A, at 35 ["The central inquiry in resolving . . . disclosure requests (regarding settlement agreements) should focus on relevance"]; *see generally Stiles v Batavia Atomic Horseshoes*, 174 AD2d 287, 292 [1992], *revd on other grounds* 81 NY2d 950 [1993] [observing with respect to a *Mary Carter* agreement that "(s)uch an agreement is a contract by which one or more defendants in a multiparty case secretly conspires with the plaintiff to feign an active role in the litigation in exchange for assurances that its

own liability will be diminished proportionately by increasing the liability of the nonagreeing defendant(s). If such an agreement is established, it may be void per se, and the failure to disclose it may require a new trial" (citations omitted)]). Conversely, where the terms of a settlement agreement have no bearing on the issues in the case, the terms are not discoverable by a nonsettling party (*see Matter of New York County Data Entry Worker Prod. Liab. Litig.*, 222 AD2d 381 [1995], *affg* 162 Misc 2d 263 [Sup Ct, NY County, Crane, J., 1994]; *see also Allegretti-Freeman v Baltis*, 205 AD2d 859 [1994]). "Any doubt as to the relevance [of the terms of the settlement] may be resolved by an in camera inspection" of the settlement agreement and "the settling parties' remaining interest in confidentiality may be protected by an order limiting the disclosure of the settlement agreement to [the nonsettling defendants] and [their] counsel or by such other manner as Supreme Court directs" (*Masterwear Corp.*, 298 AD2d at 250-251).

Here, Supreme Court was not provided with the settlement agreement for in camera inspection and the agreement has not been provided to us. Thus, like Supreme Court, we have no idea of the contents of the agreement and are unable to gauge whether it contains information that is "material and necessary" to the Williams defendants' defense of the underlying personal injury action, the cross claims and third-party claims asserted against them by Turner and FDA, or both. Notably, the Williams defendants contend—and Turner and FDA do not dispute—that Turner and FDA plan on participating in the trial of the underlying action, which at this point will apparently be only between plaintiff and the Williams defendants. It is not obvious why Turner and FDA would want to participate in that trial or whether Supreme Court should allow them to do so since they and plaintiff have settled the action as between them (*see Meleo v Rochester Gas & Elec. Corp.*, 72 AD2d 83, 97 [1979], *lv dismissed* 49 NY2d 703 [1980] ["because after a settlement under section 15-108 of the General Obligations Law the true adversaries in the trial become the plaintiff and the nonsettling defendant, the presence of the settling defendants for even a limited participation in the trial against the nonsettling defendant would seem to be totally unwarranted"]). The uncertainty about whether Turner and FDA plan on participating in that trial and, if they do plan to do so, the reason for their continued participation are at least cause for concern (*see Matter of Eighth Jud. Dist. Asbestos Litig.*, 8 NY3d 717, 721 [2007] ["secretive

agreements may result in prejudice to the nonagreeing defendant at trial, distort the true adversarial nature of the litigation process, and cast a cloud over the judicial system"]; *id.* at 722-723 ["whenever a plaintiff and a defendant enter into a high-low agreement in a multi-defendant action *which requires the agreeing defendant to remain a party to the litigation,* the parties must disclose the existence of that agreement and its terms to the court and the nonagreeing defendant(s)" (emphasis added)]).

Accordingly, the appropriate course of action is to reverse the order appealed and remand the matter to Supreme Court for in camera inspection of the settlement agreement and a new determination of the Williams defendants' motion (*see Masterwear Corp.,* 298 AD2d at 249). We recognize that "[s]trong public policy considerations favor settlements, which avoid costly litigation and preserve scarce judicial resources" (Connors, Practice Commentaries, CPLR C3101:18A, at 35). However, "[t]hese public policy concerns can be accommodated short of denying a non-settling defendant information that is material and relevant to its case. The court can allow disclosure [of a settlement agreement] while protecting the confidential nature of the settlement agreement through a CPLR 3103 (a) protective order" (*id.* [citation omitted]).[3] Supreme Court, "[i]n exercising its discretion regarding whether and to what degree a protective order under CPLR 3103 should issue, . . . must strike a balance by weighing the[ ] [parties'] conflicting interests in light of the facts of the particular case before it" (*Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 461 [1983]). Thus, the court may direct the disclosure of those portions of the agreement that it finds are "material and necessary," while shielding from disclosure those portions of it that are not, and "limiting the disclosure of the settlement agreement to [the nonsettling defendants] and [their] counsel or by such other manner as Supreme Court directs" (*Masterwear Corp.,* 298 AD2d at 251).

---

3. CPLR 3103 (a) states that
   "[t]he court may at any time on its own initiative, or on motion of any party or of any person from whom discovery is sought, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts."

Accordingly, the order of Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered on or about July 2, 2008, which denied so much of the Williams defendants' motion for disclosure of the terms of a settlement agreement between plaintiff and the remaining defendants other than the amount, should be reversed, on the law, without costs, and the matter remanded for reconsideration of the motion after in camera inspection of the settlement agreement.

FRIEDMAN, J.P., ACOSTA, DEGRASSE and FREEDMAN, JJ., concur.

Order, Supreme Court, Bronx County, entered on or about July 2, 2008, reversed, on the law, without costs, and the matter remanded for reconsideration of the motion after in camera inspection of the settlement agreement.