Matter of Steam Pipe Explosion at 41st St. & Lexington Ave. (2015 NY Slip Op 04207)





Matter of Steam Pipe Explosion at 41st St. & Lexington Ave.


2015 NY Slip Op 04207


Decided on May 14, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2015

Tom, J.P., Sweeny, Andrias, Moskowitz, Gische, JJ.


15103N 102536/08 590495/08 15102N

[*1] In re Steam Pipe Explosion at 41st Street and Lexington Avenue
 Marjorie Kane Talenti, also known as Margo Kane, Plaintiff, 
Consolidated Edison, Inc., et al., Defendants-Respondents, The City of New York, Defendant, Team Industrial Services, Inc., Defendant-Appellant. 
Consolidated Edison Company of New York, Inc., Third-Party Plaintiff-Respondent, -against- Team Industrial Services, Inc., Third-Party Defendant-Appellant, The City of New York, Third-Party Defendant.


Shaub, Ahmuty, Citrin & Spratt, LLP, New York (Timothy R. Capowski of counsel), for appellant.
Davis Polk & Wardwell LLP, New York (Frances E. Bivens of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 24, 2014, which granted defendant Team Industrial Services, Inc.'s (TIS) motion to compel inspection of a confidential settlement agreement between plaintiff and defendant Consolidated Edison, Inc. (ConEd) to the extent of directing ConEd to produce the settlement agreement for in camera inspection by the court, unanimously dismissed, without costs, as academic. Order, same court and Justice, entered January 22, 2015, which, following the court's in camera inspection of the subject settlement agreement, denied TIS's motion for production of such agreement upon finding the agreement contained no information material or necessary to its defense, unanimously affirmed, without costs.
TIS failed to demonstrate that disclosure of the subject confidential settlement agreement, pre-verdict, is material and necessary to its defense (see CPLR 3101; Matter of New York County Data Entry Worker Prod. Liability Litig., 222 AD2d 381 [1st Dept 1995]; see also Allstate Insurance Company v Belt Parkway Imaging, P.C., 70 AD3d 530 [1st Dept 2010]). TIS's reliance on statutory provisions, including General Obligations Law 15-108(a), CPLR 4533-b [*2]and 4545, in support of its argument that the confidential agreement should be produced pre-verdict is unavailing. These provisions are either inapplicable to a damage award (see CPLR 4545), or are relevant only once a damage verdict in plaintiff's favor has been reached (see General Obligations Law § 15-108[a]; CPLR 4533-b; Matter of Data Entry Worker Prod. Liability Litig., 222 AD2d at 382).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2015
CLERK