■ PATRICIA HILLER, Respondent, v JOSEPH V. AMELLA, Appellant, et al., Defendant. [9 NYS3d 380]—

In an action, inter alia, to recover damages for extortion, the defendant Joseph V. Amella appeals (1) from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 9, 2013, which denied that branch of his motion which was to compel the plaintiff to produce a settlement agreement and other records relating to prior charges the plaintiff filed with the United States Equal Employment Opportunity Commission, and (2) from so much of an order of the same court dated July 30, 2013, as denied his motion for leave to reargue that branch of his prior motion which was to compel the plaintiff to produce a settlement agreement and other records relating to prior charges the plaintiff filed with the United States Equal Employment Opportunity Commission.

Ordered that the appeal from the order dated July 30, 2013, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 9, 2013, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court providently exercised its discretion in

denying that branch of the motion of the defendant Joseph V. Amella which was to compel the plaintiff to produce a settlement agreement and other records relating to prior charges she filed with the United States Equal Employment Opportunity Commission (hereinafter the EEOC) against her employer, as the settlement agreement and the related documents are not material and necessary to his defense of this action (*see* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407 [1968]; *Altonen v Kmart of NY Holdings, Inc.*, 94 AD3d 920 [2012]; *Allstate Ins. Co. v Belt Parkway Imaging, P.C.*, 70 AD3d 530 [2010]; *Mahoney v Turner Constr. Co.*, 61 AD3d 101, 104 [2009]). Although Amella contends that disclosure of the settlement agreement, and the financial terms thereof, is warranted in light of the monetary offset provisions of General Obligations Law § 15-108 (a), that statute does not apply here since the plaintiff's federal claims alleging discrimination, filed with the EEOC, were not based in tort (*see Bauman v Garfinkle*, 235 AD2d 245 [1997]; *515 Rest., LLC v Suffolk Plate Glass Co., Inc.*, 2011 NY Slip Op 32873[U] [Sup Ct, Suffolk County 2011]; *Bankers Trust Co. v Lee Keeling & Assoc., Inc.*, 20 F3d 1092, 1099 [10th Cir 1994]; *see also Rivera v Heyman*, 157 F3d 101, 105 [1998]; *Baguer v Spanish Broadcasting Sys., Inc.*, 2007 WL 2780390, 2007 US Dist LEXIS 70793 [SD NY, Sept. 20, 2007, No. 04-CV-8393 (KMK)]). Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.