Matter of Metro-North Train Acc. of Feb. 3, 2015 (2019 NY Slip Op 09006)





Matter of Metro-North Train Acc. of Feb. 3, 2015


2019 NY Slip Op 09006


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2018-06389
2018-08521
 (Index No. 64924/15)

[*1]In the Matter of Metro-North Train Accident of February 3, 2015, in the town of Mount Pleasant, New York. Jill Shiner Vandercar, etc., et al., respondents; Metro-North Commuter Railroad, et al., appellants.


Landman Corsi Ballaine & Ford P.C., New York, NY (William G. Ballaine, Philip J. DiBerardino, and Theresa Frame of counsel), for appellants Metro-North Commuter Railroad, Metropolitan Transportation Authority, Argent Ventures, LLC, and Midtown TDR Ventures, and The Kantor Law Firm, PLLC, Buffalo, NY (Steven L. Kantor of counsel), for appellants Steven Smalls, Jr., and Lacey Smalls (one brief filed).
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman and D. Allen Zachary of counsel), for respondents Kopet, Nadol, Ueda, and on behalf of the plaintiffs' Steering Committee.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for wrongful death and personal injuries, the defendants Metro-North Commuter Railroad, Metropolitan Transportation Authority, Argent Ventures, LLC, and Midtown TDR Ventures appeal, and Steven Smalls, Jr., and Lacey Smalls separately appeal, from (1) an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 23, 2018, and (2) an order of the same court dated July 9, 2018. The order dated May 23, 2018, insofar as appealed from, granted that branch of the cross motion of the plaintiffs other than Steven Smalls, Jr., and Lacey Smalls which was to compel production of any and all settlement agreement(s) between Steven Smalls, Jr., and the defendants Metro-North Commuter Railroad or Metropolitan Transportation Authority to the extent of directing the defendants Metro-North Commuter Railroad, Metropolitan Transportation Authority, Argent Ventures, LLC, and Midtown TDR Ventures to deliver a copy of a particular settlement agreement to the Supreme Court for in camera review. The order dated July 9, 2018, upon the Supreme Court's in camera review of the settlement agreement, granted that branch of the cross motion of the plaintiffs other than Steven Smalls, Jr., and Lacey Smalls which was to compel production of the settlement agreement.
ORDERED that the order dated May 23, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated July 9, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
This action consolidates, for discovery and trial, 19 actions for wrongful death and personal injuries arising from the February 3, 2015, collision between a northbound Metro-North commuter train and a car in the Commerce Street Highway Rail Grade crossing, in the Town of Mount Pleasant. The plaintiffs include, among others, passengers on the train, the estate of the individual who operated the car, as well as the train's conductor, Steven Smalls, Jr. After the train collided with the car, the third rail of the tracks pierced through the car and the train, causing a fire. Five passengers, as well as the operator of the car, died in the accident, and numerous other passengers were injured. The plaintiffs commenced actions against various defendants, including Metro-North Commuter Railroad and Metropolitan Transportation Authority, as the railroad operators, and Argent Ventures, LLC, and Midtown TDR Ventures, as owners of the track and the underlying land (hereinafter collectively the Metro-North defendants). Some of the consolidated actions also named Steven Smalls, Jr., as a defendant.
In connection with ongoing discovery disputes, counsel for the plaintiffs' Steering Committee made a demand to the Metro-North defendants for a copy of any and all settlement agreement(s) between Steven Smalls, Jr., and Metro-North Commuter Railroad or Metropolitan Transportation Authority, including but not limited to, inter alia, any FELA (Federal Employee Liability Act) settlement, tolling agreement, or agreement not to sue (hereinafter the Smalls Settlement Agreement). The attorney representing the Metro-North defendants—and also purporting to represent Steven Smalls, Jr., in his capacity as a defendant—objected to the demand as overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and contended that the demand sought documents or information which was not relevant, material or necessary to the issues of liability and had no bearing on the prosecution of the action. The plaintiffs—other than Steven Smalls, Jr., and Lacey Smalls—thereafter cross-moved, inter alia, to compel production of the Smalls Settlement Agreement. The Metro-North defendants, as well as the private attorney representing Steven Smalls, Jr., and Lacey Smalls in the consolidated action, opposed that branch of the cross motion. By order dated May 23, 2018, the Supreme Court granted that branch of the cross motion to the extent of directing the Metro-North defendants to produce the Smalls Settlement Agreement for in camera review. Thereafter, upon its in camera review of the Smalls Settlement Agreement, the court, by order dated July 9, 2018, directed the Metro-North defendants to produce the Smalls Settlement Agreement to counsel for the plaintiffs' Steering Committee. The Metro-North defendants appeal, and Steven Smalls, Jr., and Lacey Smalls separately appeal, from both orders. We affirm.
CPLR 3101(a) directs that there shall be "full disclosure of all [evidence] material and necessary in the prosecution or defense of an action, regardless of the burden of proof." In light of the statute's purpose and legislative history, the words "material and necessary" are "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). " If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or for cross-examination or in rebuttal, it should be considered [matter] material' in the action'" (Vargas v Lee, 170 AD3d 1073, 1075, quoting Shutt v Pooley, 43 AD2d 59, 60).
Considering these liberal discovery rules, courts have held that "disclosure of the terms of a settlement agreement by a settling party to a nonsettling party may be appropriate, despite the presence of a confidentiality clause in the agreement, where the terms of the agreement are material and necessary to the nonsettling party's case" (Osowski v AMEC Constr. Mgt., Inc., 69 AD3d 99, 106 [internal quotation marks omitted]; see Altonen v Kmart of NY Holdings, Inc., 94 AD3d 920; Mahoney v Turner Constr. Co., 61 AD3d 101, 104; Masterwear Corp. v Bernard, 298 AD2d 249, 250). Any doubt as to the relevance of the terms of the settlement may be resolved by an in camera inspection of the settlement agreement (see Mahoney v Turner Constr. Co., 61 AD3d at 105; Masterwear Corp. v Bernard, 298 AD2d at 250).
Here, we agree with the Supreme Court's determination directing the Metro-North [*2]defendants to produce the Smalls Settlement Agreement for in camera review (see Mahoney v Turner Constr. Co., 61 AD3d at 105) and, upon reviewing the Smalls Settlement Agreement in camera, the court providently exercised its discretion in determining that its terms were material and necessary to the nonsettling parties' case and, therefore, discoverable.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court