Rosenblum v Trinity Hudson Holdings, LLC (2020 NY Slip Op 06407)





Rosenblum v Trinity Hudson Holdings, LLC


2020 NY Slip Op 06407


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Index No. 160656/14 Appeal No. 12332N Case No. 2020-02862 

[*1]Kenneth Rosenblum, Plaintiff-Respondent, Bernice Rosenblum, Plaintiff,
v
Trinity Hudson Holdings, LLC, et al., Defendants-Appellants.


Koster, Brady & Nagler LLP, New York (William H. Gagas of counsel), for appellants.
Greenberg, Trager & Herbst, New York (Kalvin Kamien of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.) entered on or about July 31, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion to compel production of plaintiffs' nonprivileged litigation files in another action, unanimously modified, on the law, to the extent of granting defendants' motion for discovery, and remanding the matter for further proceedings to narrow the scope of the discovery, and otherwise affirmed, with costs.
In a partition action against each other, plaintiffs mother and son placed into contention issues of property ownership, economic losses, mismanagement and lack of property maintenance. Given that this action gives rise to similar economic issues, defendants are entitled to nonprivileged information contained in that action that is relevant to the defense of the instant action, as CPLR 3101(a) mandates full disclosure of matters "material and necessary in the prosecution or defense of an action" (see Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]). The confidentiality order in the partition action cannot operate as a shield to preclude plaintiffs from having to produce relevant documents in this action, particularly when they affirmatively place into contention similar economic issues (see generally Masterwear Corp. v Bernard, 298 AD2d 249, 250 [1st Dept 2002]; see Osowski v AMEC Constr. Mgt., Inc., 69 AD3d 99, 106 [1st Dept 2009]; American Re-Ins. Co. v United States Fid. & Guar. Co., 19 AD3d 103 [1st Dept 2005]).
However, defendants are not entitled to the entirety of the nonprivileged litigation files. To the extent documents and information contained therein relate exclusively to other properties owned by plaintiffs, and not to the property that is the subject of the instant action, the information is not relevant and plaintiffs are not under an obligation to produce it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020