Bankers Conseco Life Ins. Co. v Wilmington Trust, N.A. (2023 NY Slip Op 01835)

Bankers Conseco Life Ins. Co. v Wilmington Trust, N.A.

2023 NY Slip Op 01835

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Manzanet-Daniels, J.P., Kern, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 652057/19 Appeal No. 17650 Case No. 2022-03685 

[*1]Bankers Conseco Life Insurance Company et al., Respondents,
v
Wilmington Trust, National Association, Appellant.

Hodgson Russ LLP, Buffalo (William A. Ciszewski of counsel), for appellant.
Sills Cummis & Gross P.C., New York (Richard H. Epstein of counsel), for respondents.

Order, Supreme Court, New York (Andrew Borrok, J.), entered on or about July 8, 2022, which, insofar as appealed from, denied defendant's motion to compel production of documents and serve a second set of interrogatories, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying defendant's motion to compel documents withheld by plaintiff Washington National Insurance Company in accordance with Indiana's insurance examination privilege. The language of the applicable Indiana statute applies to "documents produced by, obtained by, or disclosed by the Commissioner or any other person in the course of an examination." Thus, internal communications such as the ones sought here are privileged (Ind Code Ann § 27-1-3.1-15[a]; see Ambac Assurance Corp. v Nomura Credit & Capital, Inc., 175 AD3d 1165, 1166 [1st Dept 2019]).
Furthermore, the court properly found that Indiana's professional services privilege applied and belonged to Washington National as a client, not just to its accountant, and therefore, that plaintiffs' production of certain nonprivileged communications with the accountants did not amount to a waiver of the privilege (see Landau v Bailey, 629 NE2d 264, 267 [Ct App Ind 3d Dist 1994]).
Defendant also was not entitled to any confidential settlement agreements or pleadings from other cases that were protected by a judge's order (see Matter of Steam Pipe Explosion at 41st St. & Lexington Ave., 128 AD3d 493, 493-494 [1st Dept 2015]; Matter of New York County Data Entry Worker Prod. Liability Litig., 222 AD2d 381, 382 [1st Dept 1995]). To the extent defendant argues that it was entitled to know, at the least, the monetary amounts plaintiffs have recovered, the request is premature, as General Obligations Law § 15-108(a) requires disclosure of the confidential agreement's settlement amount, but only after a verdict is rendered so that postverdict apportionment can be determined (see Matter of Steam Pipe Explosion, 128 AD3d at 493).
Finally, Supreme Court properly denied defendant's request for additional interrogatories, as the request also sought confidential information and in any event was overbroad. The request was also rendered superfluous by plaintiffs' damages expert report, to which defendant failed to object.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023