Matter of Barrios v Consolidated Edison Co. of N.Y., Inc. (2023 NY Slip Op 02378)

Matter of Barrios v Consolidated Edison Co. of N.Y., Inc.

2023 NY Slip Op 02378

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Rodriguez, Pitt-Burke, JJ. 

Index No. 153102/14 780000/15 Appeal No. 194 Case No. 2022-05092 

[*1]In the Matter of Gas Explosion Litigation 1644 et al. Oscar Hernandez Barrios etc., et al., Plaintiffs-Appellants,
v
Consolidated Edison Company of New York, Inc., et al., Defendants-Respondents. 

Kelner & Kelner, New York (Joshua D. Kelner of counsel), for appellants.
Davis Polk & Wardwell LLP, New York (Michael Scheinkman of counsel), for Consolidated Edison Company of New York, Inc., Consolidated Edison, Inc., and Consolidated Edison Energy Delivery Services, Inc., respondents.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kate Fletcher of counsel), for The City of New York, respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 7, 2022, which denied plaintiffs' motion to compel defendants Consolidated Edison and The City of New York to disclose a liability sharing agreement, or in the alternative, to direct defendants to produce the agreement for an in camera review, unanimously affirmed, without costs.
This action arises from a gas explosion that occurred on March 12, 2014, near the intersection of Park Avenue and East 116th Street in Manhattan. The National Transportation Safety Board (NTSB) investigated the accident, and The City of New York (The City) and Consolidated Edison (Con Ed) submitted reports to the NTSB setting forth their positions. The City blamed Con Ed for the explosion based on an improperly fused gas-service to gas-main connection, and Con Ed blamed the City for the explosion based on its failure to cure a water leak that accelerated erosion of subsurface support, which eventually caused the gas main to fracture. The NTSB attributed the cause of the explosion to failures by both The City and Con Ed specifying the probable cause of the accident as "(1) the failure of the defective fusion joint at the service tee, installed by [Con Ed] in 2011 that allowed natural gas to leak from the gas main and migrate into the building where it ignited and (2) a breach in the sewer line that went unrepaired by [The City] since at least 2006 that allowed groundwater and soil to flow into the sewer, resulting in a loss of support for the gas main, which caused the line to sag and overstress the defective fusion joint."
The City and Con Ed, among other entities who performed work or owned property near the site of the explosion, were named as defendants in a number of actions. The City and Con Ed also asserted various claims against each other for property damage, indemnification, and contribution. At a court ordered mediation, the City and Con Ed reached an agreement on the allocation of liability between them, and plaintiff now seeks disclosure of that agreement.
When a nonsettling party seeks disclosure of the terms of a settlement agreement, the terms of the agreement must be material and necessary to the nonsettling party's case (Mahoney v Turner Constr. C0., 61 AD3d 101, 104 [1st Dept 2009]; Osowski v AMEC Constr. Mgt., Inc., 69 AD3d 99, 106 [1st Dept 2009]). After in camera review of the agreement, the motion court providently exercised its discretion in prohibiting disclosure of the agreement. The agreement is not a Mary Carter agreement (see Herbst v 40 Worth Assoc., 276 AD2d 320, 321 [1st Dept 2000] ["The agreement between the defendants to apportion liability on a 25%/75% basis, if they were found liable, was not an improper Mary Carter agreement"]), does not demonstrate collusion, or undermine the adversarial process as plaintiff may pursue discovery from both defendants.
We have considered plaintiffs' remaining arguments and find them unavailing. THIS CONSTITUTES THE [*2]DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023