Prospect Capital Corp. v Morgan Lewis & Bockius LLP (2025 NY Slip Op 03659)

Prospect Capital Corp. v Morgan Lewis & Bockius LLP

2025 NY Slip Op 03659

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Index No. 653941/22|Appeal No. 4601|Case No. 2024-06500|

[*1]Prospect Capital Corporation, Plaintiff-Appellant,
v
Morgan Lewis & Bockius LLP et al., Defendants-Respondents

Adam M. Burton, New York, for appellant.
Goulston & Storrs PC, New York (Nicholas Cutaia of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 24, 2024, which granted defendants' motion to compel production of plaintiff's mediation statement submitted in a prior federal court action, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied.
In this legal malpractice action, plaintiff Prospect Capital Corporation (Prospect) alleges that defendants' negligence in negotiating a debt subordination agreement on its behalf with nonparty Silicon Valley Bank (SVB) deprived it of a cause of action under a "turnover provision" and that defendants' subsequent incorrect advice concerning Prospect's rights created further harm. Prospect previously sued SVB in federal court and settled the action after participating in a confidential mediation proceeding before a magistrate judge. Defendants sought discovery of the settlement agreement and all statements submitted by Prospect to the magistrate judge who mediated the SVB Action, including all exhibits thereto. Prospect has produced the settlement agreement as well as all documents related to the federal action, other than its mediation statement.
While discovery under CPLR 3101(a) is broad, the court improvidently determined that defendants established a basis for compelling Prospect to produce the confidential mediation statement (see Matter of New York County Data Entry Worker Prod. Liability Litig., 222 AD2d 381, 382 [1st Dept 1995] ["settlement material that defendants . . . seek, in derogation of the confidentiality agreement that attended it, is not material and necessary to their defense of the action"]; compare Am Re-Ins. Co. v United States Fid. & Guar. Co., 19 AD3d 103, 104 [1st Dept 2005]). How Prospect planned to prove causation and damages on its separate claim in the underlying SVB action is not material and relevant to the issues here, which involve whether defendants' alleged malpractice leading to the loss of a cause of action under the turnover provision of the subordination agreement caused Prospect damages (see Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 42 [1990]). Defendants' hope that the mediation statement contains admissions by Prospect that may directly undermine its causation argument in this case, is too speculative a basis to compel discovery (see Data Entry, 222 AD2d at 382).
Nor have defendants shown that the mediation statement is relevant to their setoff defense as there appears to be no dispute that Prospect provided the settlement agreement, which reveals the existence of a settlement of the underlying action and the settlement amount (see e.g General Elec. Co. v APR Energy PLC, 2020 WL 2061423, 2020 US Dist LEXIS 75658 [SD NY 2020]). To the extent defendants contend that Prospect, against its own interests, resolved the underlying action for a lower settlement amount, this argument is speculative and does not justify compelling production of the confidential mediation [*2]statement (see Manley v New York City Hous. Auth., 190 AD2d 600, 600-601 [1st Dept 1993]).
In light of that determination, we have no basis to determine whether a qualified privilege should be recognized in New York for discovery of confidential mediation documents (see Hauzinger v Hauzinger, 10 NY3d 923, 924 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025