## Widercrantz v American Biltrite Inc.

2026 NY Slip Op 30800(U)

March 6, 2026

Supreme Court, New York County

Docket Number: Index No, 190118/2024

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. JUDY H. KIM**

*Justice*

--------------------------------------------------------------------------------X

JON WIDERCRANTZ,

Plaintiff,

- v -

AMERICAN BILTRITE INC., BURNHAM LLC, individually and as successor to BURNHAM CORPORATION, and as alter ego to BURNHAM HOLDINGS, INC., and JENKINS BROS. et al.,

Defendants.

--------------------------------------------------------------------------------X

PART 04

INDEX NO. 190118/2024

**TRIAL DECISION & ORDER**

As directed by the Court at the February 27, 2026 pre-trial conference, the parties submitted motions in limine (NYSCEF Doc Nos. 550, 560, 565, 576, 577, 582, 584, 586, 596) and opposition to these motions (NYSCEF Doc Nos. 613, 620, 629, 630, 638, 641, 643). The motions are addressed as follows:

### Plaintiff's Motions in Limine

Plaintiff's motion to preclude defendants from referencing plaintiff's deposition testimony that his demolition and cleanup work in the 1970s was "before we had utilized people of color to do a lot of this laborious work" is granted as irrelevant and potentially inflammatory.

Plaintiff's motion to preclude defendants from introducing evidence relating to the existence of plaintiff's siblings' lawsuits for asbestos-caused injuries is granted to the extent that defendants are not to refer to these lawsuits. However, as plaintiff acknowledges, evidence concerning Mr. Widercrantz's siblings' asbestos exposures and diagnoses could conceivably be relevant to this action. Whether defendants seek to introduce such evidence, let alone whether such evidence should be precluded as hearsay, remains to be seen.

The following motions are denied for the reasons set forth below.

Plaintiff's request that the Court charge the jury on PJI 2:283 is denied as premature, without prejudice to plaintiff requesting this charge at the charging conference.

Plaintiff's motion to preclude defendants from arguing that Mr. Widercrantz's mesothelioma was independently or solely caused by a genetic condition is denied as moot. Defendants represent that they do not intend to make such an argument. To the extent plaintiff's motion can be read as seeking to preclude defendants from making any reference to Widercrantz's family history/genetic predisposition, the motion is denied.

Plaintiff's motion to preclude defendants from questioning plaintiff's causation experts as to whether other products, entities, or settled parties caused Morales's mesothelioma is denied without prejudice. Whether such questioning is permissible will depend on whether defendants have laid a foundation to establish specific causation against any nonparty or settled party tortfeasors such that fault could be apportioned to such other entities (*see In re New York City Asbestos Litig. (Idell)*, 164 AD3d 1128, 1129 [1st Dept 2018]; *see also Seen v Kaiser Gypsum Co., Inc.*, 2023 NY Slip Op 30794[U], 6 [Sup Ct, NY County 2023] *aff'd as mod* 2024 NY Slip Op 02788 [1st Dept 2024]).

### Defendants' Motions in Limine

Defendants American Biltrite Inc., Burnham, LLC, and Jenkins Bros. each filed omnibus motions in limine in which they joined their co-defendants motions. Accordingly, these motions are addressed collectively unless otherwise noted.

Defendants' motion to preclude evidence of their financial condition is granted as irrelevant and potentially prejudicial prior to a jury determination that punitive damages are warranted. Defendants' motion to preclude plaintiff from referencing a defendant's insurance or

[* 2]

lack thereof is granted for the same reasons (*see Butigian v Port Auth. of NY & NJ*, 293 AD2d 251 [1st Dept 2002]).

Defendants' motion to preclude evidence of similar pending or prior actions against them is granted.

Defendants' motion to preclude plaintiff from introducing evidence of his relative's mental anguish and emotional distress is granted.

Jenkins' motion to preclude plaintiff from introducing its May 2017 Standard NYCAL Interrogatory Response or December 2017 Amended Standard NYCAL Interrogatory Responses into evidence is granted in part, to the extent that plaintiff is precluded from introducing May 2017 Standard NYCAL Interrogatory Responses, as it is unverified and therefore hearsay. However, the Court declines at this juncture to preclude plaintiff from introducing Jenkins' December 2017 Amended Standard NYCAL Interrogatory Responses. As a rule, interrogatory responses are admissible (*see Fair Price Medical Supply, Inc. v. St. Paul Travelers Ins. Co.*, 16 Misc.3d 8, 9 [1st Dept 2007]), even if contradicted by subsequent responses (*see e.g., Treacy v Amchem Products, Inc.*, 2018 NY Slip Op. 30354[U], 2-3 [Sup Ct, New York County 2018]). Therefore, to the extent Mr. Boisvert's direct testimony regarding Jenkins manufacture of gaskets contradicts statements made in the December 2017 interrogatory response, such response may be used for impeachment purposes on cross-examination. Of course, the reason for any such discrepancy or contradiction may be explored on redirect (*see e.g., Soriano v Wise*, 2013 WL 5409683 [Sup Ct, New York County 2013] [evidentiary admission, including answers to interrogatories, "may be controverted or explained by the party"]). This ruling should not be read as giving plaintiff permission to question Jenkins' witnesses at trial as to the circumstances surrounding defendant's revision of its interrogatory responses or suggest that Jenkins delayed such revision in bad faith.

[* 3]

The following motions are denied for the reasons set forth below.

Defendants' motion to preclude causation testimony from Kenneth Garza and Dr. Mark Ginsburg is denied. As already determined by Justice Schumacher, plaintiff's testimony and expert reports, taken together, satisfy "the standard for establishing specific causation set forth in *Nemeth*" (*Widercrantz v Amchem Products, Inc.*, 87 Misc 3d 1245(A) [Sup Ct, NY County 2025] [internal citations omitted]). To the extent defendants anticipate that Ginsburg and Garza's testimony will be cumulative, they may raise such an objection at trial.

Defendants' motion to preclude plaintiff's "state-of-the-art" witnesses—i.e., Castleman, Rosner, and Markowitz—is denied. These witnesses have "specialized knowledge which may assist the trier of fact," have "digested decades of work in the field," and "testified in numerous NYCAL cases" (*New York City Asbestos Litig. (Andrews)*, 2017 NY Slip Op 30005[U], 18-19 [Sup Ct, NY County 2017]). Defendants' motion to preclude case reports and case series and testimony referencing same is also denied (*see e.g. Konstantin v 630 Third Ave. Assoc.*, 37 Misc 3d 1206(A) [Sup Ct, NY County 2012] ["Dr. Markowitz ... based his opinion linking asbestos exposure to mesothelioma of the tunica vaginalis on scholarly articles, including an epidemiological study, case reports and other articles linking asbestos exposure"], *affd sub nom. In re New York City Asbestos Litig.*, 121 AD3d 230 [1st Dept 2014], *affd*, *Matter of*, 27 NY3d 1172 [2016], and *affd*, *Matter of*, 27 NY3d 765 [2016]). To the extent defendants seek to preclude testimony by Rosner as to, inter alia, his medical opinions or medical history and an unnamed friend's mesothelioma diagnosis, defendants may raise these objections during his testimony at trial.

Defendants' motion to preclude testimony that there is "no safe level" of asbestos exposure is denied (*see New York City Asbestos Litig. (Evans)*, 2017 NY Slip Op 30658[U], 4 [Sup Ct, NY County 2017]).

Defendants' motion to preclude Garza's supplemental expert report of February 12, 2026, as untimely, is denied. "Preclusion of expert evidence on the ground of failure to give timely disclosure, as called for in CPLR 3101(d)(1)(i), is generally unwarranted without a showing that the noncompliance was willful or prejudicial to the party seeking preclusion. Prejudice can be shown where the expert is testifying as to new theories, or where the opposing side has no time to prepare a rebuttal" (*Haynes v City of New York*, 145 AD3d 603, 606 [1st Dept 2016] [internal citations omitted]). No such showing has been made here.

Defendant's motion to preclude the testimony of Arnold Brody PhD is denied. The plaintiffs' bar in New York has previously qualified Dr. Brody as an expert in the field of cellular biology with expertise on the biological effects of inhaled asbestos fibers on the cells and tissue of the lung and the progression of cellular changes caused by asbestos to the eventual development of cancers of the lung.

Defendants' motion to preclude filmed simulations of the release of asbestos fibers is denied. While inadmissible as "a basis or substitute for quantifying asbestos exposure based on scientific studies" such a simulation may be admitted "as a visual aid to illuminate asbestos fibers in the air" as "relevant to rebutting the defense that asbestos in gaskets was enclosed in metal, preventing asbestos fibers from being released into the air" (*Matter of New York City Asbestos Litig (McWilliams).*, 224 AD3d 597, 598- 99 [1st Dept 2024] [internal citations omitted], *lv to appeal dismissed*, 42 NY3d 1030 [2024]).

Defendants' motion to preclude any documents from trade associations and unspecified medical and scientific articles, treatises, periodicals, catalogs, and pamphlets, among other state-of-the-art material is denied. "Potential evidence concerning the knowledge of trade associations is not irrelevant or prejudicial" and "may be considered, along with other evidence, as a basis for a jury's finding on whether defendants breached a duty to warn" (*New York City Asbestos Litig. (Andrews)*, 2017 NY Slip Op 30005[U], 20-21 [Sup Ct, NY County 2017] citing *Matter of New York City Asbestos Litig*, 27 NY3d 765 [2016]).

Defendants' motion to preclude the submission of regulatory materials and public health announcements regarding potential adverse health effects from asbestos fibers is denied. While the Court of Appeals has repeatedly "rejected the use of OSHA regulations as setting a safety threshold for causation purposes" (*Dyer v Amchem Products Inc.*, 207 AD3d 408, 411 [1st Dept 2022]) and "compliance with OSHA does not relieve a manufacturer of its non-delegable duty to warn" (*McWilliams v A.O. Smith Water Products Co.*, 2023 WL 5719777, at *3 [Sup Ct, NY County 2023] [internal citations omitted]), a party may still rely on the underlying studies performed by a regulatory agency that lead to the promulgated standard (*see New York City Asbestos Litigation*, 2017 WL 1293127, at *3 [Sup Ct, NY County 2017]). Moreover, OSHA standards may be relevant as to notice (*see New York City Asbestos Litigation*, 2017 WL 1293127, at *3 [Sup Ct, NY County 2017]). Accordingly, the Court declines to issue a categorical ruling as to the use of OSHA regulations. To the extent either party has an objection to the introduction of a <u>specific</u> regulation during the course of trial, they may make their objection at that time.

The Court also rejects defendants' position that once plaintiffs cites OSHA regulations, they may then rely on OSHA regulations as evidence that they did not breach their duty of care. "It is settled law that a product manufacturer cannot delegate its duty to warn of its products'

[* 6]

hazards to another party" and that "compliance with OSHA does not relieve a manufacturer of its non-delegable duty to warn" (*McWilliams v. A.O. Smith Water Products Co*, 2023 WL 5719777, at *3 [Sup Ct, NY County 2023] [internal citations omitted]). Finally, "[t]o the extent that the regulatory materials and public health announcements will not be separately introduced at trial, but will form the basis for expert testimony, the Court cannot determine on this submission whether the materials would be subject to the professional reliability exception …" (*New York City Asbestos Litig.*, 2017 NY Slip Op 30005[U], 12-13 [Sup Ct, NY County 2017]). However, **if plaintiff intends to introduce such documents into evidence, then the Court directs that plaintiff submits an exhibit list of these documents by <u>March 10, 2026</u>, and identify the relevant hearsay exception.**

Defendants' motion to preclude evidence post-dating plaintiff's alleged exposure is denied without prejudice to defendants asserting specific objections at trial. Defendants have failed to identify specific evidence they seek to preclude and, in any event, "documents which post-date exposure may be relevant to the issue of recklessness" (*New York City Asbestos Litigation (Evans)*, 2017 NY Slip Op 30658 [U], 9 [Sup Ct, NY County 2017] citing, inter alia, *Matter of New York City Asbestos Litigation.*, 143 AD3d 483 [1st Dept 2016]).

Defendants' motion to permit the introduction of any settled defendant's answers to interrogatories and deposition testimony is denied. "CPLR 3117(a)(2) does not extend to the interrogatory answers or corporate representative depositions of defendants who have settled or who have gone bankrupt" (*New York City Asbestos Litig.*, February 12, 2026,, 21-23 [Sup Ct, NY County 2017]).

Defendants' motion to compel the disclosure of the terms of plaintiff's settlement agreements with other parties is denied. "Other than the amount of the settlement, which ... must

[* 7]

be disclosed in the event of a verdict in [plaintiff's] favor, such materials have no conceivable relevance to a possible post-verdict apportionment under General Obligations Law §15-108" (*In re New York County Data Entry Worker Prod. Liab. Litig.*, 222 AD2d 381, 382 [1st Dept 1995]). Defendants' motion to include all settled defendants on the Verdict Sheet for apportionment purposes is also denied. Whether these entities are included on the verdict sheet will depend on plaintiff establishing a prima facie case as against them at trial (*see In re New York City Asbestos Litig. (Idell)*, 164 AD3d 1128, 1129 [1st Dept 2018]).

Defendants' motion to preclude any references to the 1989 Environmental Protection Agency ban is academic, as plaintiff's counsel represents that they do not intend to reference the ban. Defendants' motion to preclude "reptile arguments," personal attacks, disparaging remarks or inappropriate appeals to jurors' sympathy is also academic, as plaintiff's counsel represent that they have no intention of engaging in making such remarks.

Burnham's motion to preclude inquiry into whether it recalled any products is denied. As plaintiff argues, evidence that Burnham never issued a recall may be relevant to establishing reckless conduct on its part. Burnham's motion to preclude a punitive damages award as a matter of substantive due process is denied. This argument is properly the subject for a dispositive motion rather than a motion in limine.

Defendants' request that this Court order the parties to exchange opening statements and closing summations and to disclose documents and witnesses forty-eight hours in advance is also not the proper subject of a motion in limine.

The remainder of defendants' motions—i.e., their motions to preclude evidence as to industry self-regulation, corporate representatives who Burnham no longer employs, Burnham's document retention policy, lay opinion testimony as to whether Burnham-attributable product

[* 8]

contained or released asbestos—are denied, without prejudice, as the Court has insufficient information to render a decision at present (*see New York City Asbestos Litig. (Evans)*, 2017 NY Slip Op 30658[U], 9 [Sup Ct, NY County 2017] [the Court "decline[s] to decide admissibility issues in a vacuum"]).

     This constitutes the decision and order of the Court.

HON. JUDY H. KIM, JSC

**DATE: 3/6/2026**

**Check One:**     ☐ **Case Disposed**     ☒ **Non-Final Disposition**

**Check if Appropriate:**     ☒ **Other (Specify**     Motions in Limine     **)**