SPECTRUM SYSTEMS INTERNATIONAL CORPORATION, Respondent,
v CHEMICAL BANK, Appellant.

First Department, June 7, 1990

**APPEARANCES OF COUNSEL**

*Marianne Stecich* of counsel *(Regina F. Kelly* with her on

the brief; *Walsh Maroney & Ponzini,* attorneys), for respondent.

*Robert F. Mullen* of counsel *(Michael M. Fay* with him on the brief; *Cravath, Swaine & Moore,* attorneys), for appellant.

### OPINION OF THE COURT

ROSENBERGER, J.

Plaintiff, a computer software consultant firm, brought this action against defendant Chemical Bank to recover for consulting services allegedly rendered by one of its employees. Defendant counterclaimed that the president of plaintiff corporation falsified invoices and overcharged defendant for the services performed.

In its discovery demand to defendant Chemical Bank, plaintiff sought, *inter alia,* "a report and/or notes or written documents of investigation conducted by or on behalf of Chemical Bank of the business relationship between Chemical Bank and vendors, commencing January 1, 1987", including any investigation of the contracts department of Chemical Bank, one of its former officers, Spectrum Systems International Corp., plaintiff's president, and others. Plaintiff served this demand after learning that defendant had conducted an internal investigation into allegations of fraud in the business relationship between certain of its employees and outside vendors, including plaintiff Spectrum Systems International, and that it had also commissioned an outside law firm, Schulte, Roth & Zabel, to aid in the investigation. In response to plaintiff's discovery demand, defendant moved for a protective order on the grounds that the documents demanded were protected from disclosure by the attorney-client privilege and the attorney-work product doctrine (CPLR 3101 [b], [c]). Defendant also claimed that the documents were exempt from disclosure because they were prepared in anticipation of litigation (CPLR 3101 [d]) and because they were neither material nor necessary to the prosecution or defense of this action (CPLR 3101 [a]).

The Supreme Court granted plaintiff's motion to compel discovery and denied defendant's cross motion for a protective order striking the demand. Defendant's subsequent request that the court conduct an in camera inspection of the documents before rendering its decision was also denied.

■ ■ It would have been the better practice for the Supreme Court to have conducted an in camera review of the

documents to have allowed for a more informed determination as to whether the information was indeed protected from disclosure *(see, Sovereign Indus. Corp. v Raleigh Warehouse,* 74 AD2d 746). However, we have inspected the documents in camera and agree with the Supreme Court's finding that the material is not protected by the attorney-client privilege, as work product of counsel or because the documents were prepared in anticipation of litigation. The matter must be remitted to the Supreme Court for it to determine, after its own in camera review, whether the information requested is material and necessary to the prosecution or defense of this action (CPLR 3101 [a]).

Because of the strong public policy favoring full disclosure, the burden of proving each element of a privilege rests upon the party asserting it *(Matter of Priest v Hennessy,* 51 NY2d 62; *Koump v Smith,* 25 NY2d 287). Corporations may rely on the attorney-client privilege to protect confidential communications with their attorneys, whether corporate staff counsel or outside counsel, relating to their legal matters *(Rossi v Blue Cross & Blue Shield,* 73 NY2d 588). However, as noted by the Court of Appeals, in *Rossi,* where corporations are concerned, the line between legal and nonlegal communications may be blurred requiring that caution be exercised to prevent the mere participation of an attorney in an internal investigation from being used to seal off disclosure.

Unlike the communications at issue in *Rossi (supra),* the requested material in the instant case contains communications to the client which were not clearly made by counsel in their role as attorneys. Plaintiff has not, therefore, met its burden of establishing that the communications were made for the purpose of facilitating the rendition of legal advice or services in the course of a professional relationship *(Rossi v Blue Cross & Blue Shield, supra).*

The communications pertain to an investigation of the plaintiff corporation and its employees, and suggest corruption prevention measures to be employed in the future. The records do not focus on any imminent litigation, nor on the parties' legal rights or obligations. There is no indication that legal research was performed in order to reach any conclusion with regard to the parties' legal positions. The outside law firm's final report, instead, reveals that meetings were to be held at some future date to discuss the course of action to be taken.

■ The information requested was assembled to aid defendant in the operation of its business and as such, is not exempt from disclosure. In an affidavit submitted in support of defendant's motion for a protective order, defendant's investigations manager of fraud prevention and investigations alleged that a memorandum he prepared was exempt from disclosure because it was prepared in the course of "Special Counsel, Schulte Roth & Zabel's investigation of employee and vendor fraud". He maintained that this memorandum was prepared at a time when defendant was "contemplating" litigation against plaintiff, and that employment decisions relating to terminations and disciplinary actions were made based on legal counsel's advice. Thus, defendant's own affirmation attests to the fact that the material was not prepared primarily for litigation and that, in fact, there were other motivating forces behind its preparation.

"Multi-motived reports do not warrant the immunity if litigation is but one the motives" (Siegel, NY Prac § 348, at 430). In order to qualify as "litigation" material under CPLR 3101 (d), the document must have been prepared primarily if not solely for litigation (ibid). As Justice, later Chief Judge Cooke noted in *Weisgold v Kiamesha Concord* (51 Misc 2d 456, 459 [Sup Ct, Sullivan County]), "[a] report, resulting from the regular internal operation of an enterprise and serving purposes in the conduct of the enterprise such as the * * * discipline of careless employees or the furtherance of economy and efficiency of the operation, should not become immune from discovery and the liberal intentions of article 31 of the CPLR thwarted by the mere fact that it was 'made out' to an attorney." At best, the information requested herein was prepared " 'for possible use in litigation' " (defendant did not, in fact, sue plaintiff) and not " 'purely for the purpose of * * * litigation' " *(Chemical Bank v National Union Fire Ins. Co.*, 70 AD2d 837, 838).

■ Since the role of Schulte, Roth & Zabel in the instant case was that of an investigator retained to develop facts, rather than to render legal opinions, their work product is not exempt from disclosure. Although certain attorneys' training and experience are surely very useful in conducting complex investigations, their work in such investigations concerns neither the representation of the client in litigation, nor the offering of legal opinion or legal advice. A privilege is not created, where none exists, by hiring an attorney to do the work of an investigator, although attorneys are exempt from

the licensing requirement for investigators (General Business Law §§ 70, 83).

The attorney-client privilege extends only to communications and not facts *(Upjohn Co. v United States,* 449 US 383, 395-396; *Stanwick v A.R.A. Servs.,* 124 AD2d 1041). Much of the material contained in the requested documents consists of statements from various employees. " 'It has long been settled that information received by the attorney from other persons and sources while acting on behalf of a client does not come within the attorney-client privilege' " *(Matter of Civil Serv. Employees Assn. v Ontario County Health Facility,* 103 AD2d 1000, 1001, *lv dismissed* 64 NY2d 816, citing *Kenford Co. v County of Erie,* 55 AD2d 466, 469). The information and material sought to be discovered pursuant to CPLR 3101 cannot be shielded from discovery merely because such information was obtained by the attorneys' investigative efforts *(Kenford Co. v County of Erie, supra).* Nor can the information be shielded by labeling the paper it's written on as "Attorney Work Product" *(Zimmerman v Nassau Hosp.,* 76 AD2d 921), as was done here by defendant's vice-president and assistant general counsel.

■ The determination that the requested documents were "material and necessary" to the prosecution or defense of this action without first conducting an in camera inspection of these documents constituted an improvident exercise of discretion. Defendant alleged that certain portions of the final report prepared by the law firm did not pertain to plaintiff but rather, to other vendors and other employees of defendant who had no relationship with plaintiff. Although the terms "material" and "necessary" are to be construed liberally in favor of disclosure of any facts bearing on the controversy which will assist in the preparation for trial *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403), a proper determination that all of the requested information is material or necessary cannot be made without first conducting an in camera examination of the documents.

Accordingly, the order of the Supreme Court, New York County (Burton S. Sherman, J.), entered July 13, 1989, which granted plaintiff's motion to compel compliance with a demand for discovery and inspection and denied defendant's cross motion for a protective order striking said demand, and, the order of the same court, entered November 1, 1989, which denied defendant's motion to renew and reargue, or, in the alternative, for an in camera inspection of the documents,

should be modified, on the law, the facts, and in the exercise of discretion, to the extent of remitting the matter to the Supreme Court to conduct an in camera inspection of the requested documents to determine whether they are material and necessary in the prosecution or defense of this action, and should be otherwise affirmed, without costs.

SULLIVAN, J. P., CARRO, ELLERIN and RUBIN, JJ., concur.

Two orders of the Supreme Court, New York County, entered on July 13, 1989 and November 1, 1989, respectively, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of remitting the matter to the Supreme Court to conduct an in camera inspection of the requested documents to determine whether they are material and necessary in the prosecution or defense of this action, and otherwise affirmed, without costs and without disbursements. Motion by respondent to dismiss the appeal, and for other related relief is denied.