■ GEORGIA MIHALAKIS, Appellant, v COMMITTEE OF INTERNS AND RESIDENTS (CIR) et al., Respondents.—Order, Supreme Court, Bronx County (Jack Turret, J.), entered on March 1, 1989, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs or disbursements.

In the underlying action, plaintiff, a former resident in the Internal Medicine Residency Program at Cabrini Medical Center, alleged that she was injured in her professional reputation as a physician and defamed by a statement contained in a discrete internal memorandum of the Committee of Interns and Residents (CIR), an independent labor union, written by the CIR executive director, defendant Jonathan House, and circulated within CIR only to CIR's general counsel, Irwin Geller, and a CIR organizer, defendant Bruce Elwell.

Specifically, the factual basis for the alleged libel is set forth in plaintiff's verified complaint as follows: "On March 23, 1987, def. House libeled plaintiff to other employees of the CIR by publishing and circulating a statement which read in part: 'I spoke to Bruce [defendant Elwell] who reminded me that Dr. Mihalakis had "deceived" us—that she was already on probation when she started organizing.' "

Plaintiff's libel action was properly dismissed. The communication in question was protected by a qualified privilege, in that the communication was forwarded by client CIR to CIR's general counsel, and because the parties communicating had a bona fide interest in the contents thereof (*Buckley v Litman,* 57 NY2d 516; *Shapiro v Health Ins. Plan,* 7 NY2d 56). Moreover, the plaintiff did not provide any evidence that defendants were motivated by actual malice warranting submission of the underlying action to a jury (*Cosme v Town of Islip,* 63 NY2d 908; *Park Knoll Assocs. v Schmidt,* 59 NY2d 205).

In any event, contrary to plaintiff's assertions, the alleged defamatory statement is not libel per se, impugning plaintiff's professional reputation as a physician, as the only "office, trade or profession" referred to in the CIR internal memorandum is that of plaintiff as a union organizer for CIR (*Tracy v Newsday, Inc.,* 5 NY2d 134; *New Testament Missionary Fellowship v Dutton & Co.* 112 AD2d 55). Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.