■ GEORGIA MIHALAKIS, Appellant, v CABRINI MEDICAL CEN-TER (CMC) et al., Respondents.—Order, Supreme Court, New York County (William Davis, J.), entered August 24, 1990, which, inter alia, granted defendants' motion for a protective order, unanimously modified, on the law, the facts, and in the exercise of discretion to the extent of granting plaintiff's cross-motion to compel production of items 17, 18, 52, 71 and 72,

sought in plaintiff's demand for production of documents and with respect to item 57, remitting the matter to Supreme Court to conduct an *in camera* inspection consistent with this order, and otherwise affirmed, without costs.

The salient facts of this underlying breach of contract/defamation action are set forth in this Court's previous order dated June 20, 1989. *(Mihalakis v Cabrini Med. Center,* 151 AD2d 345, *lv dismissed* 75 NY2d 790; *see also, Mihalakis v Committee of Interns & Residents,* 162 AD2d 371.)

Following service of plaintiff's first request for production of documents, defendants challenged most of the items requested on the grounds of relevancy, vagueness and confidential privilege. The IAS court granted defendants' motion for a protective order as to all of the challenged items. On appeal, plaintiff, *pro se,* seeks to compel production of all the requested items. Plaintiff has failed to demonstrate the relevancy of most of the discovery requests. Items 17, 18, 52, 71 and 72, however, are relevant to the underlying action, and defendants are directed to produce the requested information. As to item 57, defendants are directed to produce all materials which do not encompass the asserted attorney-client privilege, and to submit the challenged materials for *in camera* inspection within 30 days of notice of entry of this order. *(See, Spectrum Sys. Intl. Corp. v Chemical Bank,* 157 AD2d 444.)

The courts are mindful of allowing *pro se* litigants some leeway to prosecute their actions. Under the circumstances surrounding this private tort action, however, no grounds exist to justify directing defendants to allow production and inspection to take place in plaintiff's home, or to direct defendants to absorb the copying costs. Concur—Sullivan, J. P., Wallach, Kupferman, Ross and Asch, JJ.