■ RICHARD M. HAUZINGER, Plaintiff, v AURELA G. HAUZINGER, Respondent. CARL R. VAHL, ESQ., Appellant. [842 NYS2d 646]—

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered July 20, 2006 in a divorce action. The order denied the motion of a nonparty witness seeking, inter alia, to quash a subpoena issued by defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Carl R. Vahl, Esq. (appellant), a nonparty witness in this divorce action, appeals from an order denying his motion seeking, inter alia, to quash the subpoena issued by defendant for his appearance at a deposition in this action and for his records in connection with the mediation process that he conducted with the parties prior to the commencement of the action. The parties were not represented by counsel when they participated in the mediation process that concluded with the

execution of a separation agreement. Even assuming, arguendo, that the subpoena and accompanying notice did not advise appellant of the "circumstances or reasons such disclosure [was] sought or required" (CPLR 3101 [a] [4]), we conclude that defendant's response to appellant's motion provided the requisite information (*see Velez v Hunts Point Multi-Serv. Ctr., Inc.*, 29 AD3d 104, 111 [2006]). Thus, Supreme Court did not improvidently exercise its discretion in denying that part of appellant's motion seeking to quash the subpoena (*see generally Koramblyum v Medvedovsky*, 19 AD3d 651, 652 [2005]). Inasmuch as defendant seeks to establish the circumstances surrounding the execution of the separation agreement, and the court must determine in this action whether the terms of the separation agreement "were fair and reasonable at the time of the making of the agreement" (Domestic Relations Law § 236 [B] [3]), we reject appellant's contention that the court abused its discretion in refusing to enforce the confidentiality agreement entered into by the parties as part of the mediation process (*cf. Lynbrook Glass & Architectural Metals Corp. v Elite Assoc.*, 238 AD2d 319 [1997]), and in refusing to quash the subpoena as a matter of public policy. Although appellant urges this Court to apply the confidentiality provisions in the Uniform Mediation Act as a matter of public policy, New York has not adopted that Act and we decline to do so. Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.