■ CITY OF NEWBURGH, NEW YORK, Appellant, v WILLIAM J. HAUSER, P.E., et al., Respondents. [3 NYS3d 616]—

In an action, inter alia, to recover damages for breach of contract and professional malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Onofry, J.), dated February 25, 2013, which granted the defendants' motion to compel the plaintiff to produce certain documents submitted in a private mediation proceeding between the plaintiff and a nonparty, and denied its cross motion for an order of protection.

Ordered that the order is affirmed, with costs.

The defendants sought to compel the plaintiff to produce certain documents submitted in a private mediation proceeding between the plaintiff and a nonparty. The subject docu-

ments are material and relevant to the defense of this action (*see* CPLR 3101; *Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745-746 [2000]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *Yoshida v Hsueh-Chih Chin*, 111 AD3d 704, 705-706 [2013]; *Osowski v AMEC Constr. Mgt., Inc.*, 69 AD3d 99 [2009]; *American Re-Ins. Co. v United States Fid. & Guar. Co.*, 19 AD3d 103 [2005]; *Masterwear Corp. v Bernard*, 3 AD3d 305 [2004]; *Masterwear Corp. v Bernard*, 298 AD2d 249 [2002]).

Contrary to the plaintiff's contention, CPLR 4547 does not bar disclosure of the subject documents, as that statute is concerned with the admissibility of evidence, and does not limit the discoverability of evidence (*see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 77 AD3d 224, 233 [2010], *mod on other grounds* 18 NY3d 652 [2012]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion to compel discovery, and denied the plaintiff's cross motion for an order of protection. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.