Gottwald v Geragos (2022 NY Slip Op 02949)

Gottwald v Geragos

2022 NY Slip Op 02949

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 

Index No. 162075/14 Appeal No. 15875 Case No. 2021-04067 

[*1]Lukasz Gottwald professionally known as Dr. Luke, Plaintiff-Respondent,
v
Mark Geragos et al., Defendants-Appellants.

Quinn Emanuel Urquhart & Sullivan, LLP, New York (Ellyde R. Thompson of counsel), for Mark Geragos, appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Jura Zibas of counsel) and Thomas & LoCicero PL, Tampa, FL (Gregg D. Thomas of the bar of the State of Florida and James J. McGuire of the bar of the State of Florida, admitted pro hac vice, of counsel), for Geragos & Geragos, appellant.
Mitchell Silberberg & Knupp LLP, New York (Christine Lepera of counsel), for respondent.

Order, Supreme Court, New York County (Shawn Kelly, J.), entered October 27, 2021, which, to the extent appealed from as limited by the briefs, granted the motion of plaintiff Lukasz Gottwald seeking disclosure of certain documents, unanimously affirmed, without costs.
The motion court, following an in camera review, providently exercised its discretion in directing various communications to be produced by defendants to Gottwald. Defendants' internal correspondence concerning the Tweet at the heart of this litigation are not materials uniquely the product of a lawyer's learning and professional skills, such as those reflecting an attorney's legal research, analysis, conclusions, legal theory, or strategy, and are thus not privileged (see CPLR 3101[c]; Gottwald v Sebert, 172 AD3d 445, 445 [1st Dept 2019]). The emails between Geragos and an attorney representing a third party are not privileged as their substance was clearly in connection with the attorney's representation of the third party, whose position at that time was adverse to defendants (see CPLR 4503[a]; Matter of Priest v Hennessy, 51 NY2d 62, 70 [1980]; Ford v Rector, Church-Wardens, Vestrymen of Trinity Church in City of New York, 111 AD3d 572, 574 [1st Dept 2013]). Similarly, correspondence between the public relations manager for the musician Kesha, former client of defendants, and defendants
was not in furtherance of either parties' legal positions but in response to a disagreement over a Tweet. They cannot reasonably be characterized as confidential communications made for the purposes of legal advice. Lastly, defendants' communications with their public relations firm, which do not "reflect a discussion of legal strategy relevant to the pending litigation but, rather, a discussion of a public relations strategy," are not protected under the attorney-client privilege (see Gottwald v Sebert, 161 AD3d 679, 680 [1st Dept 2018]; WA Rte. 9, LLC v PAF Capital LLC, 136 AD3d 522, 523 [1st Dept 2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022