VXI Lux Holdco S.A R.L. v SIC Holdings, LLC (2023 NY Slip Op 50711(U))

[*1]

VXI Lux Holdco S.A R.L. v SIC Holdings, LLC

2023 NY Slip Op 50711(U)

Decided on July 13, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 13, 2023
Supreme Court, New York County

VXI Lux Holdco S.A R.L., Plaintiff,

against
SIC Holdings, LLC, SYMBIO INVESTMENT CORP., FLANDERIT HOLDING AB, CAPMAN EQUITY VII A L.P., CAPMAN EQUITY VII C L.P., MANEQ 2005 AB, FINANCIAL TECHNOLOGY VENTURES II (Q), L.P., FINANCIAL TECHNOLOGY VENTURES II, L.P., ACTUA HOLDINGS, INC., CAPMAN EQUITY SWEDEN KB, LANDTEK CORPORATION, TREASURE HIGH HOLDINGS, WATERTON RESOURCES LIMITED, UNIVERSITY VENTURES INC., RANDY LEE, ETHOS TECHNOLOGIES HOLDING LTD., JONING TA, SOUTH CHINA (JERSEY) HOLDINGS LIMITED, GRAHAM BOLTON, MICHAEL KEATING, JEAN CHOLKA, JAMES REESING, PAUL MACHLE, BO HUANG, GAGANDEEP SINGH, JOHN WAGSTER, BIG BEND XI INVESTMENTS, L.P., ANTHONY MASSA, DEBORAH BALDINI, SUSAN KIRCHHOFF, JACOB HSU, QING LU, Defendant.

Index No. 652064/2017

Robert R. Reed, J.

This breach of contract action involves a share purchase agreement (SPA), wherein plaintiff VXI Lux Holdco S.A.R.L. (plaintiff or VXI) purchased Symbio S.A. for $112 million. Plaintiff alleges that defendants Actua Holdings, Inc. (f/k/a ICG Holdings, Inc.), CapMan Equity Sweden KB, CapMan Equity VII A L.P., CapMan Equity VII C L.P., Financial Technology Ventures II (Q), L.P., Financial Technology Ventures II, L.P., Jacob Hsu, Landtek Corporation, Maneq 2005 AB, Qing Lu, SIC Holdings, LLC ("SIC"), South China (Jersey) Holdings Limited, Symbio Investment Corp., Treasure High Holdings, University Ventures Inc., and Waterton Resources Limited (collectively, 'defendants') acted deceptively by understating their expenses and overstating their earnings during the parties' negotiation of the transactions. Plaintiff also alleges that defendants fraudulently hid facts that suggest defendants underpaid social insurance [*2]and housing taxes in China and bribed Chinese government auditors to pass social insurance audits.
In motion sequence 006, defendants move, pursuant to CPLR 3124, for an order compelling: (1) the deposition of two of plaintiff's officers, co-CEO Eva Wang and general counsel Aileen Tang; (2) the production of a document-by-document privilege log for withheld documents; and (3) the production of other discovery plaintiff failed to produce (NY St Cts Elec Filing [NYSCEF] doc. no. 162). Defendants also seek costs and attorneys' fees in relation to their motion under CPLR 3126 (id.). Plaintiff opposes, arguing, that: (1) the depositions defendants seek are duplicative or irrelevant; (2) a document-by-document privilege log is not necessary as defendants' categorical privilege log also provides minimal details and would be a waste of resources; and (3) discovery of the audio recording of Baoguo Zhou (BZ Recording) is protected by the mediation, attorney-client, and work product privileges (NYSCEF doc no. 263).
In motion sequence 008, plaintiff also moves, pursuant to CPLR 3124, for an order compelling: (1) six of the named defendants to sit for depositions; (2) Symbio's former CFO to produce documents in his possession and for the identification of the custodian of each document produced; and (3) a second deposition of Symbio's former CEO to answer questions he improperly refused to answer during his initial deposition (NYSCEF doc no. 203). Defendants oppose, arguing, that: (1) the named defendants have no knowledge of the issues in the case and should not be compelled to sit for depositions; (2) the former Symbio CFO's documents are personal communications and are irrelevant to the case; (3) the identification of the custodian for each individual document defendants produced is a burdensome request; and (4) the deposition questions refused by Symbio's CEO were palpably irrelevant, called for a legal conclusion, and had already been asked and answered by deponent (NYSCEF doc no. 259).
Standard of Law
CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The words, "'material and necessary,' are ... to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell—Collier Publ. Co., 21 NY2d 403, 406 [1968]). "[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material ... in the prosecution or defense" (id. at 407 [internal quotation marks and citation omitted]). However, "the principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure" (Mendives v Curcio, 174 AD3d 796, 797 [2nd Dept 2019][internal quotation marks and citation omitted]).
The party seeking disclosure must demonstrate that "'the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims'" (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011], quoting Vyas v Campbell, 4 AD3d 417, 418 [2d Dept 2004]). It is well settled that the trial court has broad power to supervise disclosure (Daniels v City of New York, 291 AD2d 260, 260 [1st Dept 2002]).
Discussion
Motion Sequence 006 - Defendants' Motion to Compel
Full day deposition of co-CEO Wong
Defendants seek to conduct a seven-hour deposition of plaintiff's co-CEO Eva Wong (NYSCEF doc no. 221 at 7-11). Plaintiff objects, contending that the deposition should be limited to three hours as Ms. Wang's testimony would be duplicative of co-CEO David Zhou, who has already been deposed. Defendants contend such limitation would unfairly curtail their inquiry of a witness with firsthand knowledge of the events alleged in this lawsuit and that she played an integral part in the negotiations and drafting of the SPA (NYSCEF doc no. 221 at 7-11).
The court does not find any reasonable justification to limit the duration of Ms. Wang's deposition testimony to less than the seven hours permissible by the Uniform Rules of the Supreme Court. Any such limitation could deprive defendants of testimony relevant and necessary in the defense of their case (see Uniform Rules for Trial Cts [22 NYCRR] 202.20-b [a] [2] [the time for the deposition of any one deponent is limited to seven hours unless otherwise ordered]). Plaintiff's 'duplicative' argument is unavailing. Witness often have separate and independent recollections regarding facts, transactions, and interactions (NYSCEF doc. no. 274 at 4-5).
Defendants' request for the full deposition of CEO Wong is granted.
Deposition of Plaintiff's General Counsel
Defendants seek to compel the deposition of Aileen Tang, plaintiff's general counsel. Defendants argue that there are contradictory sworn statements from Ms. Tang and Mr. Zhou concerning Ms. Tang's involvement in the due diligence process (NYSCEF doc no. 274 at 4-6). Defendants also believe Tang possesses relevant knowledge regarding business decisions that, defendants consider, are key issues in the lawsuit (NYSCEF doc no. 221 at 11-14). Plaintiff objects under the attorney-client privilege (NYSCEF doc no. 263 at 6-8).
The court notes that there is there is no universal prohibition against compelling a party's counsel to testify (see generally 305-7 West 128th Street Corp. v Gold, 178 AD2d 251, 251 [1st Dept 1991] [assistant general counsel deposed where he participated in negotiations of a lease]). The attorney-client privilege exists to protect confidential communications between a lawyer and client relating to legal advice sought by the client (In re Nassau Cnty. Grand Jury Subpoena Duces Tecum Dated June 24, 2003, 4 NY3d 665, 678 [2005]). The privilege does not extend to every action taken by the attorney on behalf of the client, and all information in the possession of the attorney is not protected by privilege just by virtue of the attorney's representation of a client (id., [communications regarding the identity of clients, fees paid by client and communications regarding the payment of fees are not generally protected by privilege]).
Here, the defendants should be afforded the opportunity to depose all persons with relevant knowledge of facts and information bearing on the issues in this case. Objections to information protected by the attorney-client privilege may be raised at the time of the deposition (Verschell v Pike, 65 AD2d 622, 622 [2nd Dept 1978]).
Defendants' request for the deposition General Counsel Tang is granted.
Document by Document Privilege Log
Defendants challenge the plaintiff's privilege log (NYSCEF doc no. 221 at 14-18), arguing the categorical log is not compliant with Rule 11-b of the Rules of the Commercial Division of the Supreme Court (NYSCEF Doc No. 199).
Commercial Division Rule 11-b provides a mechanism to "reduce the time and costs associated with preparing privilege logs" (22 NYCRR 202.70 Rule 11-b[b][1]). This rule provides:
The parties are expected to address such considerations in good faith as part of the meet and confer process (see paragraph (a) above) and to agree, where possible, to employ a categorical approach to privilege designations. The parties are encouraged to utilize any reasoned method of organizing the documents that will facilitate an orderly assessment as to the appropriateness of withholding documents in the specified category. For each category of documents that may be established, the producing party shall provide a certification, pursuant to 22 NYCRR section 130-1.1a, setting forth with specificity those facts supporting the privileged or protected status of the information included within the category. The certification shall also describe the steps taken to identify the documents so categorized, including but not limited to whether each document was reviewed or some form of sampling was employed, and if the latter, how the sampling was conducted. The certification shall be signed by the Responsible Attorney, as defined below, or by the party, through an authorized and knowledgeable representative.
(id.).
Here, plaintiff admits that its categorical privilege log provides minimal details and only identifies "the documents it believes are privileged, the date ranges for those documents, and the parties involved in those documents" (NYSCEF doc. no. 263 at 10). Plaintiff contends its privilege log is adequate because defendants provided a similar privilege log also lacking in specificity (id.).
It does not appear to this court that the parties engaged in a meet and confer regarding the use of the categorical approach to the privilege designations. Had the parties conferred as required by the rule, this court believes that a number of argued 'deficiencies' could have been resolved without judicial intervention.
Therefore, defendants' motion for a document privilege log is granted to the extent that plaintiff is directed to revise its privilege log to conform with Rule 11-b of the Rules of the Commercial Division of the Supreme Court (Dantzig v Orix Am Holdings, LLC, 2019 NY Slip Op 33030[U], *15 [Sup Ct, NY County 2019]), and provide a certification setting forth specific facts supporting the privilege status of the materials in each category (NYSCEF doc. no. 253).
Production of BZ Recording
Defendants seek to compel the production of a 'BZ Recording,' the contents, of which, were disclosed to defendants during mediation in California (NYSCEF doc no. 221 at 18-20). Plaintiff objects to the production of the BZ Recording on the grounds of "mediation," attorney-client privilege, and attorney work product privilege (NYSCEF doc. no. 263 at 13-16).
As an initial matter, there is no mediation privilege under New York law. New York has not adopted the Uniform Mediation Act, and the New York Court of Appeals has not recognized a mediation privilege in New York (see Hauzinger v Hauzinger, 10 NY3d 923, 924 [2008], affg 43 AD3d 1289, 1290 [4th Dept 2007] ["We do not address what, if any, mediation confidentiality privilege exists under CPLR 3101 (b)"]; see also General Elec. Co. v APR Energy plc, 2020 WL 2061423, *7, 2020 US Dist LEXIS 75658, *21 [SD NY, Apr. 29, 2020, [*3]19 CV 3472 (VM)(KNF)] ["New York has not adopted [the Uniform Mediation Act]," and New York courts decline to apply "the confidentiality provisions in the Uniform Mediation Act as a matter of public policy" (internal quotation marks and citation omitted)]; City of Newburgh v Hauser, 126 AD3d 926, 927 [2nd Dept 2015] [compelling production of documents submitted in private mediation between plaintiff and nonparty]).
Although the parties did enter into a 2017 Mediation Agreement that prohibited the disclosure or use of "written or oral communication" in any litigation, that agreement stated explicitly that "no written or oral communication made for the purpose of, in the course of, or pursuant to the mediation may be disclosed or used outside the mediation " (NYSCEF doc. no. 264, para. 3 [emphasis added]). There was no evidence presented to this court that the audio recording was generated for the purpose of mediation in such a manner that would preclude its disclosure under the terms of the mediation agreement.
With respect to plaintiff's attorney client and work product privilege objections, the court is not required to accept a party's characterization of material as privileged or confidential (Muriel Siebert & Co., Inc. v Intuit Inc., 32 AD3d 284, 286 [1st Dept 2006]). The burden of establishing privilege rests on the party asserting the privilege (Spectrum Sys. Intl. Corp. v Chemical Bank, 157 AD2d 444, 447 [1st Dept 1990], affd as mod 78 NY2d 371 [1991]), and boilerplate claims of privilege are insufficient to meet this burden as a matter of law (Anonymous v High School for Envtl. Studies, 32 AD3d 353, 356 [1st Dept 2006]). 
In order for the attorney-client privilege to apply, the communication between the attorney and the client must be made for the purpose of facilitating legal advice or services (Rossi v Blue Cross & Blue Shield of Greater NY, 73 NY2d 588, 593 [1989]). The privilege applies to communications  not facts and extends both to communications from the attorney to the client and from the client to the attorney (Upjohn Co. v United States, 449 US 383, 395 [1981]). The privilege does not cover communications that are intended merely to assist counsel in the performance of non-legal services, such as the provision of business advice or negotiating the purely commercial aspects of business relationship (id.; Matter of Grand Jury Subpoena (Bekins Record Stor. Co.), 62 NY2d 324, 329 [1984]).
Here, plaintiff argues that the BZ Recording "was prepared at the direction of, and with the participation of, counsel in connection with this litigation" (NYSCEF doc no. 263 at 16), but failed to submit the affidavit of a person present during the audio recording, with knowledge of the purpose and intent of both the statements and the meeting. Plaintiff submitted only an attorney affirmation, stating, in a conclusory manner, that the recording "was initiated at counsel's request and in the presence of counsel for the purpose of facilitating legal advice" (NYSCEF doc. no. 264, para. 5). An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance (Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456 (2d Dept 2006).
Further, plaintiff failed to submit the recording to the court for in camera review, and did not submit admissible evidence establishing that the recording reflected an attorney's legal research, analysis, conclusions, legal theory, or strategy (Geffner v Mercy Med. Ctr., 125 AD3d 802, 802—803 [2d Dept 2015]; Ford v Rector, Rector, Church-Wardens, Vestrymen of Trinity Church in City of New York, 111 AD3d 572, 574 [1st Dept 2013]). Absent evidence of communications primarily of a legal character or evidence of legal analysis or opinion, neither the attorney client nor the work product privilege will apply (Ford v Rector, 111 AD3d 572, 573-74 [1st Dept 2013] [affirming the lower court decision finding the attorney work product [*4]privilege did not apply because the documents did not indicate that an attorney had conducted any legal research or analysis or rendered any legal opinion about the client's legal position].
Here, there is simply insufficient evidence before the court that establishes the BZ Recording is protected by any legally recognizable privilege.
Accordingly, defendant's motion compelling disclosure of the recording is granted.
Production of Two Sets of Books
Defendants contend that plaintiff provided them with a "document dump" and seek the production of plaintiff's "two sets of books and records" in a comprehensible format (NYSCEF doc no. 221 at 21). Plaintiff objects, contending that the documents were produced as maintained in the ordinary course of business (NYSCEF doc no. 263 at 16). Defendants' request is denied.
There is no evidence that plaintiff's discovery response violates a provision of the CPLR, or otherwise requires supplementation. The documents were produced with a conspicuous Bates-stamped number for ready identification. Records exchanged during discovery may be used at and are proper topics of questioning during examinations before trial (Jones v FEGS-WeCARE/Human Resources, NYC, 194 AD3d 523, 524 [1st Dept 2021]).
Production of Valuations
Defendants seek documents concerning the valuation of VXI prior to acquiring Symbio, for the purpose of comparing the VXI valuation with the valuation calculations post-acquisition (NYSCEF doc no. 221 at 21, NYSCEF doc no. 274 at 13). Plaintiff objects, contending that the information is "simply irrelevant" to "the question of the diminution in value caused by the overstatement of Symbio's value by Defendants at the time of purchase" (NYSCEF doc no. 263 at 17). There is a strong public policy favoring full disclosure of all relevant materials during the discovery process (Spectrum Sys. Intl. Corp., 157 AD2d at 447). These valuations could be of use to the defendants' defense to plaintiff's damages claim (NYSCEF doc no. 274 at 13). Based on New York's liberal standard for discovery, defendants' request for the Symbio valuation is granted (see Mann v Cooper Tire Co., 33 AD3d 24, 29 [1st Dept 2006]).
Sanctions
Defendants move, pursuant to CPLR 3126, for attorney's fees and costs associated with making this motion. The imposition of CPLR 3126 sanctions is within the sound discretion of the court (see Gross v Edmer Sanitary Supply Co., 201 AD2d 390, 391 [1st Dept 1994]).
The court declines to order sanctions in this case. The record before the court displays no clear pattern of discovery abuse by plaintiff. Accordingly, the portion of the motion seeking attorney's fees and costs in association with making this motion is denied.
Motion Sequence 008 - Plaintiff's Motion to Compel
Deposition of Named Defendants
Plaintiff moves to compel the deposition of six of the named defendants arguing that their testimony is material and necessary to the outcome of the case (NYSCEF doc. no. 204). Defendants oppose this request contending that the witnesses have no knowledge of the issues in the case, that this is a "fishing expedition" and "personal vendetta" meant to "harass" (NYSCEF doc. no. 259 at 7-8). 
By order of this court dated February 5, 2018, individual defendants were required to appear for a deposition on or before October 31, 2018 (NYSCEF doc. no. 18). Thereafter, the [*5]parties agreed by stipulation, and this court so ordered, the adjournment of the deposition appearances (NYSCEF doc. nos. 29, 101, 108, 110, 144, 160). Pursuant to stipulation and order, all defendants were under an ongoing obligation to appear for depositions.
"Relevance" is not a basis a party can object to appear for a deposition. "[A]ny party may take the testimony of any person by deposition," without an initial showing of materiality (CPLR 3106; see Seltzer v Bayer, 272 AD2d 263, 266 [1st Dept 2000]; Fasciglione v D.C.D. Adv., 256 AD2d 215 [1st Dept 1998]). In the face of multiple court orders to appear for depositions, a party may face sanctions for failing, without justification or evidence of undue hardship, to appear (Weinstein v Gindi, 92 AD3d 526 [1st Dept 2012][The motion court providently exercised its discretion in striking plaintiff Weinstein's pleading and dismissing his claims based on his willful refusal to appear for deposition in this action]).
The requested witnesses are named defendants and at minimum, these witnesses may possess relevant knowledge or other information that may lead to relevant evidence, material or necessary, to plaintiff's prosecution. Plaintiff will be allowed to question defendants under oath as to their knowledge or lack thereof. Plaintiff will not be required to rely on defendant counsel's assertions as to the information known or unknown by these individuals (NYSCEF doc no. 276 at 2-6). Plaintiff's motion to compel defendants' appearance for a deposition is granted.
Return of Documents in former CFO's possession
Plaintiff acquired all of Symbio's assets — including its data, documents, and emails. Pursuant to his separation agreement, Symbio's former CFO, Qing Lu, was directed to return all proprietary or confidential information in his possession (NYSCEF doc. no. 66; NYSCEF doc. no. 261).
In this motion, plaintiff seeks the production of emails that were allegedly exported from Symbio's company laptop by Lu. Lu purportedly transferred the emails to his personal device and deleted them from the company's laptop prior to its return to the company (NYSCEF doc no. 204 at 12-14; NYSCEF doc no. 276 at 6-9). Defendants refuse to produce the subject emails claiming the emails are personal communications (NYSCEF doc no. 259 at 10-13).
New York courts favor open and liberal discovery, but the CPLR establishes three categories of protected materials that are immune from disclosure. Privileged matter and attorney work product are absolutely immune from discovery, and trial preparation materials are subject to disclosure only upon a showing of substantial need and undue hardship (CPLR 3101; Spectrum Sys. Int'l Corp. v Chem. Bank, 78 NY2d 371, 377 [1991]).
Here, defendants have not demonstrated that the email communications, generated on property owned by Symbio, and now plaintiff, is somehow immune from disclosure. The burden of establishing any right to protection is on the party asserting it (id. at 377). This court does not find that emails generated on company computers qualifies as protected materials prohibited from disclosure by the CPLR.
To the extent the parties are concerned with the dissemination of sensitive, proprietary information, the parties shall designate the documents in accordance with this court's confidentiality order and may seek all applicable remedies therefrom. Violation of this court's confidentiality order will subject any party to sanctions.
Plaintiff's motion for production of emails that were exported from the Symbio's company computer is granted.
Re-open deposition of former CEO
As for the issue of the appropriateness of particular questions posed during the deposition of Jacob Hsu, Symbio's former CEO, concerning his payment of taxes (NYSCEF doc no. 204 at 14-16). The question at issue concerns whether Mr. Hsu was a resident in Nevada in 2015 (NYSECF doc no. 212 at 39:12-41:10). The proper procedure during an examination before trial is to permit the witness to answer all questions posed, subject to objections pursuant to subdivisions (b), (c) and (d) of CPLR 3115, unless a question is clearly violative of the witness's constitutional rights or of some privilege recognized in law or is palpably irrelevant (see Hertz Corp. v Avis, Inc., 106 AD2d 246, 249 [1st Dept 1985]; White v Martins, 100 AD2d 805, 806 [1st Dept 1984]).
Defendants' counsel does not assert that the blocked questions implicated the former CEO's constitutional rights, or a privilege recognized in law. Rather, counsel essentially asserts that the blocked questions were irrelevant as they concern private information about Mr. Hsu's personal legal residence and payment of personal taxes (NYSCEF doc no. 259 at 14-20). "[R]elevancy is not a basis on which to instruct a witness not to answer" (Brightman v Corizon, Inc., 72 Misc 3d 1213[A], 2021 NY Slip Op 50735 [U], *3 [Sup Ct, NY County 2021]).
Counsel lacked a proper basis for instructing the witness not to answer. Plaintiff's motion to compel is granted. The former CEO is directed to appear for a further deposition, within 45 days, limited to the improperly blocked questions and any follow-up questions.
Accordingly, it is hereby
ORDERED that the branch of defendants' motion compelling the deposition of two of plaintiff's officers, co-CEO Eva Wang and general counsel Aileen Tang, is granted; and it is further
ORDERED that the branch of defendants' motion compelling a document-by-document privilege log for certain documents is granted to the extent that plaintiff is to provide a revised categorical privilege log consistent with Rule 11-b within 45 days; and it is further
ORDERED that the branch of defendants' motion compelling the production of the BZ Recording and pre-acquisition VXI valuation is granted and plaintiff is directed to produce the aforementioned discovery within 45 days from the date of this order; and it is further
ORDERED that the branch of defendants' motion compelling a more 'comprehensible' set of books is denied; and it is further
ORDERED that the branch of defendants' motion seeking costs and attorneys' fees relation to their motion under CPLR 3126 is denied; and it is further
ORDERED that the branch of plaintiff's motion compelling six of the named defendants to sit for depositions is granted; and it is further
ORDERED that the branch of plaintiff's motion compelling Symbio's former CFO to produce documents that were exported from Symbio's company laptop is granted; and it is further
ORDERED that the branch of plaintiff's motion compelling Symbio's former CEO to answer questions he improperly refused to answer during his deposition is granted, and the former CEO is directed to appear for a further deposition limited to the improperly blocked questions and any follow-up questions within 45 days.
DATE 07/13/2023
ROBERT R. REED, J.S.C.