| |
|---|
| **FFS Data Corp. v OLB Group, Inc.** |
| 2024 NY Slip Op 30854(U) |
| March 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653247/2022 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------X

FFS DATA CORPORATION,

Plaintiff,

- v -

THE OLB GROUP, INC.,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653247/2022 |
| **MOTION DATE** | 02/01/2024 |
| **MOTION SEQ. NO.** | 018 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 018) 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 247, 248, 256, 257, 258, 259, 260, 261, 262

were read on this motion for          DETERMINATION THAT DOCUMENTS ARE NOT "PROTECTED INFORMATION"                    .

Plaintiff FFS Data Corporation ("FFS") moves for an Order ruling that certain exhibits produced by third party Manuel Sanchez in this action do not constitute "Protected Information" (*i.e.*, documents protected from disclosure pursuant to CPLR 3101(c), 3101(d)(2) and 4503) under paragraph 17 of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Protective Order") entered on June 1, 2023 (*see* NYSCEF 105).

As relevant here, The Global Legal Law Firm ("Global Legal")—counsel for Defendant OLB Group, Inc. ("OLB") in this case— is asserting attorney-client privilege over documents produced over six months ago by a third party named Manuel Sanchez, whom Global Legal subpoenaed in this matter on OLB's behalf (the "Sanchez Production").

Global Legal submits that it has represented Mr. Sanchez and his company Merchant Payment Solutions, LLC ("MPS") for over three years in a number of litigation and transactional matters.  According to Global Legal, that included the *dual* representation of both Mr. Sanchez

and MPS, on the one hand, *and* OLB, on the other hand, in attempting to resolve a dispute among them. Global Legal also submits that it represented Mr. Sanchez in producing documents in response to the subpoena duces tecum Global Legal served on him in this case on June 2, 2023, and in defending his deposition on September 15, 2023 (NYSCEF 256 ["Huber Affirm"] ¶¶3-4, 5-29).

Global Legal did not review Mr. Sanchez's first production of documents prior to producing it to FSS in July 2023 because it did not believe the Sanchez Production would contain any attorney-client privileged information (Huber Affirm ¶¶12-13). FFS introduced certain documents from that production, without objection, at Mr. Sanchez's deposition in September 2023 (NYSCEF 214). Separately, in January 2024, FFS's counsel filed a motion to dismiss a related action in Hawaii federal court filed by Global Legal on behalf of MPS. That motion relied on certain exhibits from the Sanchez Production, specifically Exhibits 5–9 to the Hawaii Declaration (the "Five Exhibits," NYSCEF 222, Ex. 5, 6, 7, 8, 9]).

Thereafter, in this case, Global Legal asserted attorney-client privilege over the Sanchez Production, including the Five Exhibits. FFS's instant request concerns only the Five Exhibits. For the following reasons, Plaintiff's motion is granted.

"The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 623 [2016], citing CPLR 4503[a][1]). "Although typically arising in the context of a client's communication to an attorney, the privilege extends as well to communications from attorney to client." (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377 [1991]). Such communications "'must be made for the purpose of facilitating the

**653247/2022   FFS DATA CORPORATION vs. THE OLB GROUP, INC.**
**Motion No.  018**

**Page 2 of 4**

rendition of legal advice or services, in the course of a professional relationship'" (*Rossi v Blue Cross & Blue Shield of Greater N.Y.*, 73 NY2d 588, 593 [1989], citing *Matter of Creekmore*, 1 NY2d 284, 296 [1956]). "[T]he burden of establishing any right to protection is on the party asserting it; the protection claimed must be narrowly construed; and its application must be consistent with the purposes underlying the immunity" (*Spectrum Sys.*, 78 NY2d at 377).

Here, even assuming that Global Legal represented Mr. Sanchez and MPS in various matters since 2020, Global Legal has failed to demonstrate that it represented Mr. Sanchez or MPS *in their negotiations with OLB*, which is the subject of the Five Exhibits at issue. In that context, Mr. Sanchez was inquiring about OLB's outstanding payment of MPS's January 2023 residual. The documents are commercial communications, not requests for legal advice.

Moreover, Global Legal took pains to distance itself from representing Mr. Sanchez in the discussions with OLB. Mr. Sanchez sent a February 28, 2023 email to Global Legal making what appears to be his first request to recover this residual payment from OLB. Global Legal responded: "*We represent OLB regarding this whole dispute. Therefore, we would have a conflict.* But we are happy to provide the role of honest broker to help you get down on the situation." (NYSCEF 224 [emphasis added]). Following this email, Mr. Sanchez's subsequent emails demanding payment from OLB—the Five Exhibits—at most reflect Mr. Sanchez's requests for assistance obtaining payment from Global Legal's client, OLB. Furthermore, in those emails, Global Legal again reiterated that it had a potential conflict of interest with its representation of OLB (*see* NYSCEF 222, Ex. 7 [Mr. Huber telling Mr. Sanchez he would mention the outstanding January 2023 commission to OLB, noting that Global Legal was "in a potential conflict though so can't push too hard"]; Ex. 8 [Mr. Huber telling Mr. Sanchez that "[u]nfortunately, [Global Legal] can't put [itself] in th[e residual] dispute too heavily"]).

**653247/2022   FFS DATA CORPORATION vs. THE OLB GROUP, INC.**
**Motion No.  018**

Global Legal does not deny that it represented OLB in connection with these communications, whose interests at that time were clearly adverse to Mr. Sanchez. Under similar facts, the First Department affirmed an order holding such communications are not privileged and must be produced (*Gottwald v Geragos*, 205 AD3d 417, 417 [1st Dept 2022] ["The emails between [defendant] and an attorney representing a third party are not privileged as their substance was clearly in connection with the attorney's representation of the third party, whose position at that time was adverse to defendants."] [citations omitted]).

In sum, Global Legal has not established that any of the Five Exhibits were made "for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship" between Mr. Sanchez and Global Legal. This Decision does not address the remaining documents listed in Defendants' privilege log, as no motion was made with respect to those documents.

Accordingly, it is

**ORDERED** that Plaintiff's motion is **GRANTED**, and the Five Exhibits are determined not to be Protected Information for purposes of the Protective Order.

This constitutes the Decision and Order of the Court.

20240315144448JMC0HEN07EADC468E8C4D0CAE7B0BD44C5D1DB5

_____
**3/15/2024**
DATE

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653247/2022   FFS DATA CORPORATION vs. THE OLB GROUP, INC.**
**Motion No.  018**

Page 4 of 4

[* 4]